## BADGLEY vs. BRUCE & HALSEY.

The court of chancery has concurrent jurisdiction with courts of law in suits for the recovery or assignment of dower.

On a bill for the recovery of dower, if the right of the widow is admitted by the answer, the court will proceed at once to assign the dower; and to take an account of the arrears, if it is a case in which she could recover damages at law. But if her right is disputed, the court will retain the bill, and direct a suit at law to ascertain the title.

April 2.     THIS was an appeal from a decretal order of the vice chancellor of the seventh circuit, overruling the demurrer of the defendants to the complainant's bill. The complainant was the widow of W. Badgley, deceased; and she filed her bill in this cause to recover her dower in a lot of land, of which the husband was seized during coverture. The bill alleged that the premises in question were sold on an execution against the husband, previous to his death, and were purchased by G. V. Sackett, who conveyed the same to the defendant Bruce. That the title thus obtained was in Bruce at the commencement of this suit, in 1829 ; but that the defendant Halsey was then in the actual possession thereof, under a lease from Bruce for a term of years. It also appeared from the bill that the complainant called upon both defendants, previous to the commencement of this suit, and requested them to assign her dower in the premises ; with which request they refused to comply. The bill prayed for an assignment of dower, and for general relief. The defendants put in a demurrer to the bill, for want of equity, alleging that the complainant had a full and competent remedy at law.

*J. Rhoades*, for the complainant.

*W. H. Seward*, for the defendants.

THE CHANCELLOR. It was a question of doubt for some time how far a court of equity would take jurisdiction of a case for the assignment of dower. The jurisdiction of the court of chancery in England had long been sustained, where there was any difficulty in the way of the widow's proceeding at law, as, an outstanding term, the want of information as to the title, or the want of means to establish the title of the husband in a court of law, in consequence of the possession of the deeds by the heirs, &c. And finally it was decided, in the case of *Mundy* v. *Mundy*, (2 *Ves. jun.* 122,) that a demurrer to a bill for dower could not be sustained, although the bill did not contain any allegation that there was an impediment to the complainant's remedy in an action at law. It may therefore be considered as settled in England that the court of chancery has concurrent jurisdiction with courts of law in suits for the assignment of dower. It was supposed by the appellant's counsel, on the argument, that the demurrer was disallowed in the case of *Mundy* v. *Mundy*, on the ground that it was overruled by the answer. It will be found, however, on examination, that the answer did not profess to cover that part of the case to which the demurrer related. The answer went to the discovery merely, and the demurrer was only to the relief, prayed by the bill, on the ground that the remedy was at law. It was then supposed that upon a bill for a discovery and relief, the defendant was bound to make the discovery, although the prayer for relief could not be granted where the remedy at law was perfect. The case therefore presented the question whether the court of chancery would grant relief to the widow upon a purely legal title, where the objection was made at the proper stage of the suit. The rule, as settled in England, now is, that upon a bill in equity for the assignment of dower, if the seisin of the husband and the title of the wife are admitted by the answer, the court will proceed at once to assign dower ; and to take an account of the mesne profits since the death of the husband, if it is a case in which the widow would be entitled to damages at law. But if the title of the complainant is denied, the court will retain the bill, and direct a suit at law to try the title ; and will then give her possession, and decree such other relief as she

*1833.*

*Badgley
v.
Bruce.*

may be entitled to on the right thus established. Chancellor Kent also considered the case of *Swaine* v. *Perrine,* (5 *John. Ch. Rep.* 482,) as settling the jurisdiction of this court in the same way ; although that was a case in which the objection does not appear to have been raised until the hearing, when it certainly was too late to raise an objection that the complainant had a perfect remedy at law. (4 *Kent's Com. 2d ed.* 72.) It appears also that a similar jurisdiction is exercised in several of our sister states, in their equity courts. It is stated in the case of *Grayson* v. *Moncure,* (1 *Leigh's Rep.* 449,) that the widow had filed her bill in equity against her infant children for the assignment of her dower, and had a decree thereon. And Carr, J., who delivered the opinion of the court of appeals, says, she might have filed her bill at the first court after her husband's death. I presume, therefore, that the jurisdiction of the equity courts is considered as fully settled in the state of Virginia. The court of appeals in Maryland also has recently decided that the court of chancery in that state has jurisdiction to decree dower to the widow, and rents and profits from the death of the husband. It is there also said that where the title is controverted, it must be made out at law. But Archer, J., who delivered the opinion of the court, says, it does not follow that the complainant's bill is to be dismissed because the right of dower is denied by the defendants ; but the chancellor should retain the bill a reasonable time, until the right at law is established. (*Wells et ux.* v. *O'Beall,* 2 *Gill & John. Rep.* 468.) In the state of Kentucky also it appears the courts of equity have an acknowledged jurisdiction in cases of dower. And the reports of the court of appeals in that state contain many cases in which bills have been filed to obtain assignments of dower, and to recover the arrears of dower from the death of the husband. (*See Kendall* v. *Honey,* 5 *Monroe's Rep.* 284. *Jones* v. *Todd,* 2 *J. J. Marsh. Rep.* 359. *Stevens* v. *Smith,* 4 *Id.* 64.)

In the case under consideration, there was a difficulty in proceeding at law, at the time this bill was filed, inasmuch as the premises were in the actual occupancy of a termor, whose term had not yet expired ; and the complainant could not ascertain how long it was to continue. Previous to the revised

statutes, the remedy at law for dower was by a writ of dower, *unde nihil habet.* But as this was a species of real action, it could only be sustained against the owner of the freehold. It · would not have lain against the defendant Halsey, who was merely a tenant for years. (*Miller* v. *Beverly*, 1 *Hen. & Munf. Rep.* 368. *Rosc. on Real Actions*, 40.) The widow applied to the tenant in possession, and he refused to assign her dower because he was not the owner of the land; and the tenant of the freehold refused to give her the assignment to which she was entitled, because he had a covenant of warranty from some one else. Under such circumstances, I think she was right in applying to the equity court for relief, so that she might obtain the actual possession of her dower right in the premises, notwithstanding the existence of the term for years. As the law then stood, the complainant could have recovered neither damages or costs in a suit at law, by writ of dower. And if she had brought her suit against the owner of the freehold, he would have had it in his power to vouch his grantor to warranty; and thus the litigation would have been protracted as well as expensive. And her costs would probably have been more than the value of her dower. She therefore had an excuse for coming into this court, where she might recover the costs of the litigation, if the defendants, or those who were bound to guaranty the title, had no reasonable grounds for withholding her right and subjecting her to that expense.

The decision of the vice chancellor in overruling the demurrer was correct, and it must be affirmed, with costs. The defendants must pay the costs of this appeal, and the costs of the argument of the demurrer and of the proceedings thereon before the vice chancellor. They must also put in their answer, within twenty days, or the bill is to be taken as confessed. And the proceedings are remitted to the vice chancellor.