KINNE v. KINNE *et al.*, appellants. (2.)

*Trial — right to jury — Dower.*

In an action for admeasurement of dower, the defense was that plaintiff had by an ante-nuptial agreement, released her claim to dower. *Held*, that defendants were entitled to a trial by jury.

APPEAL from a judgment in favor of plaintiff in an action tried at special term. The action is an equitable one, brought by the plaintiff, as the widow of Esop Kinne, deceased, against his heirs and the executors of his estate, to compel the admeasurement and for the recovery of her dower in the real estate of which her late husband was seized.

The defendants appeared and denied that the plaintiff was entitled to dower in the premises described in the complaint as the widow of the deceased, and set up an ante-nuptial agreement by which the plaintiff was to receive $1,000 after the death of her husband in lieu of dower.

The cause being at issue, was brought on for trial at a special term in the county of Onondaga, before Mr. Justice MORGAN. Before the trial was entered upon, the counsel for the defendants appeared and moved for a trial by jury, and insisted that the court could not legally try said cause without a jury, against the objection of the defendants.

The court denied the motion, and the defendants' counsel then and there duly excepted, and the trial proceeded before said justice without a jury, who, after taking the evidence offered by the respective parties, made a report in favor of the plaintiff in due form, and directed judgment for said plaintiff, declaring that she was entitled to dower in the said land of her late husband as therein described, and directing the admeasurement of such dower by three commissioners, to be appointed on proper application therefor, with costs.

*N. F. Graves* and *D. Pratt*, for appellants.

*Geo. N. Kennedy*, for respondents.

E. DARWIN SMITH, J. This case presents but a single question for our consideration. It is, whether the objection taken at the

beginning of the trial to the trial of said cause by the court without a jury was valid, and the exception to the decision of the judge at special term overruling such objection, and the defendants' motion for a jury trial, and proceeding to try said cause without a jury, was well taken.

Dower is unquestionably a strict legal right. It is an estate in land recognized and protected by *magna charta*, and primarily, in England, was assigned and recovered by proper proceedings in the courts of the common law. But the courts of equity, as early as in the reign of Queen Elizabeth, assumed a remedial jurisdiction over claims of dower. The earlier cases in which courts of equity entertained bills relating to dower were cases where the aid of the court was invoked, and necessary for the purposes of discovery and for the removal of impediments or frauds obstructing the assertion or establishment of the rights of the doweress in the courts of law; and, gradually, the courts enlarged their jurisdiction till they finally came to assert and exercise a concurrent jurisdiction with the courts of law, to give full relief where they had acquired jurisdiction for the purpose of discovery, or otherwise where the right of the widow to dower was not denied or contested.

But where the right to dower was controverted, the English courts of equity have uniformly held that the question of right must be tried at law. *Curtis* v. *Curtis*, 2 Bro. 633 ; *Mundy* v. *Mundy*, 2 Ves. Jr. 128 ; Parks on Dower, 329.

In *Mundy* v. *Mundy, supra*, the Lord Chancellor said that, " If a legal title, such as dower, is controverted it must be made out at law." Chancellor KENT asserted the same rule in *Swaine* v. *Perine*, 5 Johns. Ch. 488, and in 4 Kent Com. 72, following these English cases, as did Chancellor WALWORTH in *Badgley* v. *Bruce*, 4 Paige, 100.

In this last mentioned case the chancellor said the rule is that " if the title of the complainant is denied, the court will retain the bill and direct a suit at law to try the title, and will then give possession and decree such other relief as the plaintiff may be entitled to on the rights thus established."

Such was doubtless the rule and practice in the courts of equity in this State before the adoption of the constitution of 1846, by which legal and equitable jurisdiction was given to and united in the same court.

As this court under the constitution now possesses and exercises

full and complete general jurisdiction, both in law and equity, this question has only the practical consequence that it affects the mode of trial.

The right of trial by jury, in all common-law actions and in respect to all legal rights, as it existed when our first State constitution was adopted, is retained in the present constitution (art. 5, § 2). It follows, I think, necessarily from these considerations that the defendant's claim and demand for a jury trial, made at the trial, was well founded, and that he could not be deprived of such right by the court. *Davis* v. *Morris*, 36 N. Y. 572; *Hudson* v. *Caryl*, 44 id. 553.

In the last entitled case the action was in equity to abate a nuisance and recover damages. The defendant claimed a trial by jury when the cause came on for trial, as was done in this case, which was denied and the trial was had by a judge without a jury. The judgment was reversed on this precise ground and the anology between that case and this, it seems to me, is complete and perfect.

In a similar case of nuisance, in this department, we have recently held, in the case of *Parker* v. *Laney* 1 N. Y. Sup. 590, that, in such case, the issue must be tried at law, and the case then be brought on for a hearing at special term, for any equitable relief dependent upon, or incidental to, the determination of the jury, upon the main issues tried at the circuit, to which either party may be entitled.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

*Judgment accordingly.*