Calvin, Surrogate.
Redfield, in his Law and Practice in Surrogates’ Courts, at page 388, states that “ the practice generally prevails of permitting objections to *150 be stated in the most general language,” wherever it appears that the transactions embraced in the account are not within the personal knowledge of the contestant. There seems to be an obvious propriety in such a practice—but wherever it is apparent that the items of account are within the knowledge of' the contestant, the objections should be so specified as to call attention to the particular items questioned.
In this case, so far as the sixth objection is concerned, it is probable that the objector has no personal acquaintance with the transactions sought to be contested, but that they are peculiarly within the knowledge of the accounting party, and, as to that objection, I think- it sufficient.
The third and fifth objections would appear to be based upon the items contained in the account, and an assumed knowledge of their inaccuracy, and for the purposes of a contest before an auditor, these objections should be made specific.
Wherever a party proposing to contest an account desires to examine the accounting party in order to enable him to frame his objections to the account, it is undoubtedly his right to do so ; and while no auditor would be appointed in the absence of objections, yet the surrogate, or a referee appointed by him under the act of 1870, would take the examination of the accounting party (see 8 R. S. 6 ed. 100, § 67).
The matter may be referred to Menzo Diefendorf, Esq., auditor, under all the objections but the third and fifth, and under them in case they are made more definite and certain, .but if not as to them, he is appointed referee for the purpose of taking the examination of the guardian respecting his account.