NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—
April, 1882.

.GEER v. RANSOM.

*In the matter of the estate of* JONATHAN H. RANSOM,
*deceased.*

♦Under Code Civ. Pro., § 2735, authorizing the Surrogate to require an ac-
counting executor or administrator " to attend and be examined under

oath," that officer has power, in his discretion, to direct such an examination, upon application therefor, 'whether formal objections to the account have been filed or not.

APPLICATION for leave to examine executors, upon their account filed. The facts appear sufficiently in the opinion.

BUTLER, STILLMAN & HUBBARD, *for executors.*

HASSLER & BALDWIN, *for legatee.*

THE SURROGATE.—Edward W. Geer, a legatee under the will of the testator, petitions this court for leave to examine the executors, Aaron P. Ransom and Warren A. Ransom, whose account has lately been filed. It is insisted, by way of objection, that the allegations of the petition are not sufficiently definite ; that, for aught which therein appears, the petitioner might interpose specific objections to the account, and call the executors as witnesses after an issue thus raised : and that, under such circumstances, an order should not be granted for a preliminary examination of the executors.

While this in strictness may be true, I am disposed to give a liberal construction to the statute upon which this application is founded (Matter of Hall, 7 *Abb. N. C.*, 149 ; Peck *v.* Sherwood, 56 *N. Y.*, 615 ; Buchan *v.* Rintoul, 70 *Id.*, 1).

Section 2735 of the Code provides that " the Surrogate may, at any time, make an order requiring the accounting party to make and file his account, or to attend and be examined, under oath, touching his receipts and disbursements, or touching any other matter relating to his administration of the estate,. or any act

done by him under color of his letters," etc.  This provision takes the place of a part of 2 *R. S.*, 92, § 54, which read as follows : "In rendering such account, every executor or administrator  .  .  .  .  may be examined on oath  .  .  .  .  touching any property or effects of the deceased which have come to his hands, and the disposition thereof."

The case of Westervelt *v.* Gregg (1 *Barb. Ch.*, 479), seems to hold, very unequivocally, that the examination of an executor, under this provision of the Revised Statutes, might attend the rendering of his account, and be entirely independent of proceedings toward a judicial settlement.

There seems to be no doubt of the power of the Surrogate to direct, in his discretion, such an examination, whether formal objections to the account have been filed or not.  It is urged, by the petitioner, that if his prayer be granted there may be no occasion for any further opposition.

Upon the whole, I have decided to permit the examination of the executors, upon the condition that, in the event of the filing of objections hereafter, the testimony which may be taken in accordance with this decision shall be regarded as testimony taken in the proceedings upon the contested accounting.  The examination herein ordered may be had before a referee.

Ordered accordingly.