## In the Matter of the Estate of ANDREW HOOD, Deceased.

The decree of a surrogate having jurisdiction, until opened or set aside, has the same conclusive effect as the judgment of any other court.

In proceedings before a surrogate to compel an accounting by executors, as such, the petition alleged that more than a year had elapsed since the granting of letters testamentary, that the executors had sold the real estate of the deceased pursuant to a power contained in the will, etc. No reference was made to any prior accounting. One of the executors, on the return of the citation, appeared and interposed an answer setting forth a decree of the surrogate made on a prior final accounting by the executors, which decree recited the issuing of a citation and proof of service thereof upon the present petitioners, and their appearance by guardian *ad litem*, duly appointed. The decree adjudged the final settlement of the executors' accounts as therein specified. Said petitioners demurred to the answer, and the surrogate sustained the demurrer. *Held* error; that the decree was *prima facie* a good answer to the petition, as it presumptively embraced all the matters as to which the executors were liable to account; that if new facts existed, rendering a further accounting proper, they should have been averred in the petition.

*In re Estate of Hood* (27 Hun, 579), reversed.

(Argued November 28, 1882; decided December 12, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 12, 1882, which affirmed two orders of the surrogate of the county of Westchester, one of which required Frederick Hood and Maria Louise Hood to account as executors of the will of Andrew Hood, deceased; the other revoked the letters testamentary because of failure to comply with the first order. (Reported below, 27 Hun, 579.)

The material facts are stated in the opinion. ·

*Edward P. Wilder* for appellant. These petitioners are bound by the decree made in 1869. (Code, § 2473; *Harrison* v. *Clark*, 14 W'kly Dig. 135; *Hood* v. *Hood*, 85 N. Y. 578.) The decrees of the surrogate are unauthorized, as it appears that the appellant is acting, not as an executor, but as a testamentary trustee, and that the provisions of law applicable to testamentary trustees have not been complied with. (Code,

§ 2514, subd. 6, §§ 2802–2820 ; Redfield's Law & Prac. of Surr. [2d ed.] 652–3, 660–1; Code, § 2819, subd. 2; *Hurlbut* v. *Durant*, 25 Alb. L. J. 316 ; *S. C.*, 14 W'kly Dig. 287 ; Perry on Trusts [3d ed.], §§ 262, 263.) The pendency of the action in the Supreme Court, in Kings county, is a bar and defense to this proceeding. (*Groshon* v. *Lyon*, 16 Barb. 461 ; *Duffy* v. *Duncan*, 32 id. 589 ; *Dawley* v. *Brown*, 65 id. 107 ; *Lewis* v. *Maloney*, 12 Hun, 207 ; *Vanderbilt* v. *Vanderbilt*, 54 How. Pr. 250 ; *Schuele* v. *Reynolds*, 13 N. Y. W'kly Dig. 172 ; *Bell* v. *Donohue*, id. 253 ; *Travis* v. *Meyers*, 67 N. Y. 542 ; Redfield's Law & Practice of Surrogate's Court [2d ed.], 642 ; *Christy* v. *Libbey*, 5 Abb. Pr. [N. S.] 192 ; *Lewis* v. *Maloney*, 12 Hun, 207.) The former action having been brought for the benefit of all the parties interested in the estate, its pendency is a bar to proceedings by some of those parties in another court to reach the same result. (*Kerr* v. *Blodgett*, 48 N. Y. 65 ; *Kerr* v. *Davis*, 7 Paige, 54; *Botts* v. *Cozine*, 2 Edw. Ch. 583 ; *Groshon* v. *Lyon*, 16 Barb. 441 ; *Wager* v. *Wager*, 15 W'kly Dig. 67–68 ; Redfield's Law and Practice of Surrogate's Court [2d ed.], 652–653.) Where jurisdiction of an equitable subject-matter has been once properly acquired, it will be retained until a complete disposition of the controversy has been made. (43 N. Y. 598, 584 ; 33 How. 373 ; Story's Eq. Jur., §§ 796–797 ; *Wager* v. *Wager*, 15 W'kly Dig. 67–68.) The fact that the petitioners were infants when the Supreme Court suit was brought, and that now two of them institute this proceeding in their own right as adults is no excuse for this proceeding. (2 Barb. Ch. Pr. [2d ed.], book 5, chap. 5, pp. 208, 209.)

*John J. Macklin* for respondents. The application of the petitioners, and the order of the surrogate thereon, that a citation issue to the executors to show cause why they should not render an account of their proceedings were proper. (Code of Civ. Proc., §§ 2724–2726 ; *Hood* v. *Hood*, 85 N. Y. 561.) The decree of January, 1869, was not binding upon the petitioners, for the reason that it appears therefrom that they were

then infants, and it does not appear that service of the citation was made upon the person with whom they resided. (*Hood* v. *Hood*, 85 N. Y. 561; 19 Hun, 300.) After a final account has been made the executor may be required to render a further account as to the disposition of any moneys in his hands at the time of the making of the decree or subsequently received. (*President, etc.*, v. *Hasbrouck*, 6 N. Y. 221; Dayton, 500; Code, § 2742; 2 R. S. 94, § 65.) The pendency of a former action is not a valid plea as a bar to a second action where the complainants are not the same even where the relief demanded is the same. (*Rogers* v. *King*, 8 Paige, 211; *Betts* v. *Cozene*, 2 Barb. Ch. 211; 1 Daniels' Ch. Pr. 65, 98, 79.) Where it appears that the rights of infants are in danger of being prejudiced by the acts of others, the court exercises its protective jurisdiction over them, and will shield them from injury. (Tyler on Infancy, 177.)

ANDREWS, Ch. J. On the 11th day of November, 1881, a petition was presented to the surrogate of Westchester county in behalf of William Hood, Annie Hood and Bertram Hood, three of the children of Andrew Hood, deceased, praying that a citation issue to Frederick Hood and Maria Louise Hood, executors of the will of Andrew Hood, requiring them to appear before the Surrogate's Court and show cause why they should not render an account of their proceedings, and render and settle their accounts. The petitioners alleged in the petition that they were interested in the estate of Andrew Hood, under the provisions of his will; that letters testamentary thereon were granted to Frederick Hood and Maria Louise Hood, executors, April 13, 1864; that more than a year had elapsed since letters testamentary were issued; that the executors had sold the real property of the deceased, pursuant to a power contained in the will, and that certain persons named, other than the petitioners, were interested in the estate. The surrogate thereupon issued a citation requiring the executors to show cause, on a day named, why they should not render and settle an account of their proceedings as executors. On the

return of the citation, Frederick Hood appeared and interposed an answer to the petition, setting forth, among other things, a decree of the surrogate of Westchester county, made on a final accounting by the executors, dated January 6, 1869, reciting the issuing of a citation in that proceeding, and proof of service upon the petitioners in this proceeding, and other necessary parties, and the appearance of the petitioners by guardian *ad litem* duly appointed, and adjudging the final settlement of the account of the executors as therein stated. The present petitioners demurred to the answer as insufficient. The surrogate sustained the demurrer and made an order dated January 13, 1881, that the executors render an account of their proceedings, etc., and of the sales of real estate of the testator, made by them, and of the disposition of the proceeds. We think the decree of January 6, 1869, on the final accounting, was *prima facie* a good answer to the petition. It recited all the facts necessary to give the surrogate jurisdiction in that proceeding. The recitals show that the petitioners were duly served with the citation, and that they appeared by guardian *ad litem*, duly appointed. The account, as settled, shows that the executors had invested the sum of $55,047.40, under the trusts contained in the will. It is doubtless true that what is known as a final accounting of executors and administrators before a surrogate does not preclude a proceeding against them for a subsequent accounting based upon new facts, such as the discovery or realization of assets since the first accounting. (*Glover* v. *Holley*, 2 Bradf. 291.) But the statute makes the final settlement and allowance by the surrogate of the account of executors or administrators conclusive evidence of certain facts embraced therein, upon creditors, legatees and next of kin, duly cited in the proceeding (2 R. S. 94, § 65), and the decree of the surrogate having jurisdiction, until opened or set aside, has the same force and effect as the judgment of any other court. The decree of January 6, 1869, presumptively embraced all the matters as to which the executors were liable to account. If new facts existed, which rendered it proper that a further accounting should be had, they should have been averred in the

petition. But no such facts were averred, and the jurisdiction of the surrogate to render the decree was not questioned. We think the petition in this case should have been dismissed, and the order of January 13, 1881, and January 30, 1881, should that be reversed. If the facts exist, which entitle the respondents to a further account from the executors, they may be shown on a new application, or if they are liable to account as testamentary trustees, the statute provides the method of procedure in that case, but this proceeding was not of that character.

Orders of General Term and surrogate reversed, with costs.

All concur, except TRACY, J., absent.

Orders reversed