WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SUR-
ROGATE.—July, 1883.

## HOOD v. HOOD.

*In the matter of the estate of* ANDREW HOOD, *deceased.*

A party should not proceed, by means of one petition, (1) to vacate a decree
settling an executor's account, (2) to revoke the executor's letters, (3)
to compel him to make discovery, and (4) to compel him to account.
These remedies, being regulated by distinct provisions of the Code,
should be separately pursued.

One of two co-executors cannot be compelled to render, alone, his account
for judicial settlement.

Testator, by his will, directed the conversion of his property by his execu-
tors into a money fund, portions of which were to be invested, and the
income thereof applied to the use of his three minor children, respective-
ly, during minority, each child being entitled to payment of the prin-
cipal of his share on becoming of age. In 1869, on an application
made by two of the children, then adults, in their own behalf and in
behalf of the third child, B., then an infant, the executors rendered an
account of their proceedings as such, which was judicially settled by a
decree of the Surrogate's court. B., having attained majority in 1883,
presented a petition alleging that fact among others, and praying that
one of the executors be required to account.—

*Held,* that, although the decree rendered in 1869 presumptively embraced
all the matters as to which the executors were liable to account (90 *N.
Y.*, 515), the termination of petitioner's infancy was a *new fact* which
rendered it proper that a further accounting should be had.

THE will of the decedent directed, among other things,
the conversion of his real and other property into a
money fund, a portion of which was to be invested for

the use of the widow for life, and other portions during the minority of some of the children. The income of the latter was to be applied to the support, etc., of his minor children; on attaining the age of twenty-one, respectively, they were to be paid their shares of the portions producing, theretofore, their incomes. Maria Louisa Hood, testator's wife, was appointed executrix, and Frederick Hood, his son, residing in New Jersey, executor. Both entered upon the discharge of their duties. Frederick Hood, being a non-resident, gave the usual bond. In 1869, they rendered an account of their proceedings, when the decree adjudged that they had in their hands about $53,000, which they were decreed to hold and invest pursuant to the provisions of the will. In 1881, on application made to this court by William Hood and Anna Hood, two of said legatees, then of age, on their own behalf, and on behalf of Bertram Hood, then a minor, an order was made directing the executor and executrix to render an account of their proceedings, it being alleged that Frederick Hood, the executor, had received the funds of the estate and had squandered a large portion of them, the ultimate object of the proceeding being to recover the funds by resorting to the remedy against his sureties, if necessary. The executor made default in filing his account as ordered, whereupon an order was made revoking his letters. His counsel resisted the making of these orders, on the ground that the executors had rendered their account in 1869, and been discharged as such, and that an action was pending for an accounting and for other purposes in the Supreme Court. An appeal was taken from these orders to the Supreme Court, where they were affirmed. On appeal to the Court

of Appeals, the order of the Supreme Court and the orders of this court were reversed, and application permitted to be made here on any new facts which might confer jurisdiction. Accordingly, Bertram D. Hood filed an application, showing that he was twenty-one years of age, having attained that age on March 17th, 1883, and, among other things, prayed for various orders granting him relief, and asked for a citation against Frederick Hood only, to show cause why such relief should not be granted.

ROE & MACKLIN, *for petitioner.*

E. P. WILDER, *for executor.*

THE SURROGATE.—The petition prays for four different kinds of relief: 1st, that the decree of 1869 be vacated and set aside; 2nd, that Frederick Hood's letters, as executor, be revoked; 3d, that he be ordered to make discovery; and, 4th, that he be ordered to account. Each of such remedies should be separately pursued, as each is provided for and regulated by distinct provisions of the Code, and should not be blended. The blending of them causes much confusion. Still, I will entertain jurisdiction as to the revocation of the letters, but that will involve the taking of testimony. Subd. 2 of § 2685 furnishes the ground, and § 2686 points out the mode, while § 2603 declares the effect, and provides for an accounting, and § 2609 furnishes the remedy on the bond.

I think I cannot, as a distinct proceeding, compel him alone to procure a judicial settlement of his account. The executrix should be a party to that. If that remedy is desired, a new petition, prepared solely to that end,

should be presented, alleging, among other things, the minority of the petitioner at the date of the decree of 1869, that he has now become of age, and is a legatee whose legacy was payable on his attaining lawful age, and making Mrs. Hood, the executrix, a party. If he renders his account therein, then proceedings on the bond, if necessary, could be had under § 2607. In such proceeding, he could be examined, and the "discovery" sought obtained. If he failed to file his account, then, under subd. 3 of § 2685, his letters could be revoked, and resort had to his bond, under § 2608.

This court has power, under subd. 6 of § 2481, to vacate or set aside a decree, but the petition contains no allegation of any reason for disturbing that of 1869, other than want of service of the citation upon the then minor. If it was just, why should it be vacated?

The case of Hood v. Hood (*27 Hun, 579*), affirming an order made by this court requiring F. Hood to render an account, was reversed by the Court of Appeals (*90 N. Y., 512*), not because the Surrogate had not jurisdiction to require an accounting, but because no new facts were alleged as having arisen since the accounting of 1869; and the court proceeds to say, " if they are liable to account as testamentary trustees, the statute provides the method of procedure in that case, but this proceeding was not of that character." It had, doubtless, overlooked the fact that the same court (in *85 N. Y., 561*) held that the executors were not in fact trustees, but were liable to account throughout as executors, and that the Surrogate had jurisdiction to take such account.

Now, a " new fact " has arisen since the accounting of 1869. The petitioner, who, on coming of age, was en-

titled to payment of his legacy, has become of age. This is a " new fact " of great importance, entitling the petitioner not only to an accounting, but to any other remedy calculated to coerce payment of the legacy wrongfully withheld from him.

The matter will be retained, in order to enable counsel for the petitioner to select which of the two modes of proceeding indicated he will pursue.

Ordered accordingly.