NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1885.

WETMORE *v.* WETMORE.

*In the matter of the estate of* APOLLOS R. WETMORE,
*deceased.*

After an executor's account has once been judicially settled, the mere fact
that, since the entry of the decree, assets have come into his pos-
session for which the decree made no provision does not, of itself,
afford sufficient grounds for compelling another accounting.   Consid-
erations of economy may indicate the propriety of the postponement
of another settlement, until it can embrace the results of a completed
administration.

APPLICATION by William Wetmore, a legatee named
in decedent's will, to compel George C. Wetmore and
Charles E. Carryl, executors thereof, to render and
settle their account.   The petition alleged that more
than four years had elapsed since the executors'
appointment, and that they had not rendered any
account since February, 1884, subsequent to which
time they had collected at least thirty-nine thousand
dollars.

A. T. ACKERT, *for petitioner.*

B. F. EDSALL, *for executrix.*

THE SURROGATE.—The account of the testator's
executors, showing their dealings with his estate
from the date of their appointment until February,
1884, was judicially settled and determined by a
decree entered in October last.   The present pro-

ceeding has been instituted by one of the legatees for the purpose of procuring from the respondents an account of their subsequent administration. They allege in answering affidavits that, upon the decision of an action now pending in the Supreme Court, and upon the sale or partition of certain real estate in St. Louis, they will be able to give final account of their stewardship, and that such decision is likely to be reached, and such sale or partition to be made, in the course of a few months.

They insist, therefore, that any accounting that should now be ordered would involve unnecessary expense to the estate. The Code of Civil Procedure (§§ 2724–2727) provides that, after the lapse of eighteen months from the issue of letters testamentary or letters of administration, a creditor or person interested is entitled, upon due application, to an order from the Surrogate, requiring the holder of such letters to file his account for judicial settlement. As to the time in which subsequent accountings can be enforced, the statutes are silent. It was held by the Court of Appeals, in Matter of Hood (90 *N. Y.*, 512), that, when the accounts of an executor or administrator have once been judicially determined, mere lapse of time will not justify an order directing him to account again, and that a petition for such further accounting should be denied, unless it sets forth facts that explain its necessity. The petition in the case at bar alleges that the executors have come into possession of assets, in regard to which the decree of October last made no adjudication. But this circumstance does not, of itself, afford suffi-

cient ground for granting the relief prayed for.  The respondents have presented urgent reasons why, upon considerations of economy, no accounting should now be ordered.  Besides, one of the executors, Mr. Carryl, has filed a somewhat detailed statement, showing the nature and value of the assets, and the disposition of the moneys disbursed since the last accounting. . I must, for the present at least, deny the petition, but with leave to the petitioner, if he wishes to do so, to examine Mr. Carryl in respect to the statement above referred to.  Such an examination may disclose, to the satisfaction of the petitioner, that the formal accounting may well be postponed until it can embrace. the results of a completed administration (Geer v. Ransom, 5 *Redf.*, 578).