NEW YORK COUNTY. — HON. D. G. ROLLINS, SURRO-
GATE.—July, 1885.

ROBERT *v.* MORGAN.

*In the matter of the estate of* LUCINDA L. MORGAN,
*deceased.*

Where the general guardian of infant beneficiaries of a testamentary trust
is in doubt whether, upon a discovery of all the facts, it may not be
for the best interests of his wards to ratify rather than to repudiate
acts of the trustees, who are accounting before the Surrogate's court,
he may properly apply, under Code Civ. Pro., § 2735, for an order
requiring the latter to attend and be examined touching the matter,
previously to filing objections to the account.

Under Code Civ. Pro., § 2533, permitting the Surrogate "to require a
party to file a written petition or answer containing a plain and con-
cise statement of the facts constituting his claim, objection or de-
fence," etc., and Rule 9, which declares that a party desiring to test
an account "shall file specific objections thereto in writing," and that
"the contest of such account shall be confined to the items or matters
so objected to," a statement, in a paper purporting to set forth objec-
tions to an account of trustees for infant *cestuis que trustent,* that
their guardian "asks an explanation of" an investment, "with
liberty to approve the same if it shall be to the interests of the
minors," cannot be regarded as an "objection" to such investment.

Accordingly where, in proceedings for the judicial settlement of the
account of such trustees, one of the accounting parties, on his examina-
tion before a referee, to whom the matter had been referred with full
power, refused to answer questions addressed to him, in behalf of the
infants, for the purpose of showing the impropriety of an investment
which had not been assailed except in the manner described,—

*Held,* that he could not be punished for contempt, on account of such re-
fusal, though he persisted therein after being instructed to answer by
the referee.

MOTION by Julia Robert, general guardian of
Matthew Morgan and others, infant beneficiaries
under the will of decedent, to punish Edward Morgan,

one of the trustees thereunder, for contempt in re-
fusing to answer certain questions propounded upon
a hearing before a referee, to whom were referred
the trustees' account, and the objections thereto, filed
in a special proceeding for judicial settlement. The
facts appear sufficiently in the opinion.

PLATT & BOWERS, *for the motion.*

EVARTS, CHOATE & BEAMAN, *opposed.*

THE SURROGATE.—Henry Morgan and Edward Mor-
gan, testamentary trustees under the seventh article
of this decedent's will, having filed their account as
such, and petitioned for its judicial settlement, the
general guardian of the infant *cestuis que trustent*
interposed certain objections thereto in writing. The
account in question showed that $30,000 of the funds
of this trust, and $5,000 of the funds of another, had
been loaned, at five per cent. interest, to one Joseph
B. Pigot, and that for such loans the trustees held
security in the form of a mortgage upon the borrow-
er's undivided one fourteenth share and interest in
certain real property in this city known as the New
York Hotel.

Upon the filing of the said objections, the Surrogate
directed a reference, and accordingly on December
16th, 1884, an order was entered, providing that the
" said account and the objections thereto and the
issues raised thereby be submitted to Mr. Ogden,
for examination as referee," and further providing
that such referee should " proceed to take testi-
mony as to the said issues, to examine the account
rendered so far as it is affected thereby, to hear and

determine all claims, questions, and other matters, relating to said accounts properly before said referee, which the Surrogate has power to determine, and to make report thereon," etc. In the course of the trial that ensued before Mr. Ogden, Mr. Edward Morgan, one of the accounting parties, was produced and examined. Certain questions were put to him by contestant's counsel, as to whether, on the day of the loan of $30,000 to Mr. Pigot, he (Mr. Pigot) paid a like sum to Henry Morgan, or to Morgan and Sons (a firm whereof both the accounting trustees were members), and as to whether the moneys loaned to Mr. Pigot did or did not ultimately reach the hands of the trustees, and as to whether it was or was not their real purpose, in the whole transaction, to acquire for themselves from the trust fund the amount of the Pigot loan.

These questions the witness refused to answer, and he persisted in his refusal after he had been expressly instructed to answer by the referee. It had already appeared from his testimony that the property, which was the subject of the mortgage in question, had been conveyed to Pigot by Henry Morgan, and that, in the mind of the witness, there was no doubt that Henry had made such conveyance for the very purpose of enabling Pigot to borrow money of which he (Henry) could make use in the business of Morgan's Sons.

Under these circumstances, it seems to me that, if the propriety of the Pigot investment can justly be said to have been put in issue by the contestant's objections, the witness was bound to answer all the interrogatories that were addressed to him by contes-

tant's counsel (Lathrop v. Clapp, 40 *N. Y.*, 328). The present proceeding is one wherein he is required to show cause why, for his several refusals to answer, he should not be punished for contempt.

It is contended by his counsel that the referee was given no authority, by the order under which he acted, to inquire into the facts and circumstances connected with the Pigot loan, as no objection had been interposed thereto in behalf of the contestants.

Section 2533 of the Code of Civil Procedure provides that the Surrogate " may at any time require a party to file a written petition or answer containing a plain and concise statement of the facts constituting his claim, objection or defense, and a demand of the decree, order or other relief to which he supposes himself to be entitled. . . . . . A party who fails to comply with such a requirement may be treated as a party in default."

The 8th Rule of the Surrogate's court of this county is based upon the above cited provision of the Code. It declares that a party desiring to test an account " shall file specific objections thereto in writing," and that " the contest of such account shall be confined to the items or matters so objected to."

In the case at bar, the instrument which purports to set forth the contestant's objections is divided into four paragraphs. Admittedly, the first three have no relation to the Pigot investment. The fourth and last paragraph is in words following : " She " (*i. e.*, the guardian) " *asks an explanation* of the investment of May 20th, 1884, with liberty to approve the same if it shall be to the interests of the minors."

It seems to me that, within the meaning of § 2533 and Rule 8, the words above quoted cannot, for the purposes of this proceeding, be regarded as constituting an " objection" to the Pigot investment. Those words, indeed, contain a very distinct implication that the guardian of the infants is in doubt whether, upon a discovery of all the facts, it may not prove to be for the best interests of the infant to affirm rather than to repudiate the action of the trustees in respect thereto. In such a situation, the guardian might very properly, had he chosen so to do, have applied, under § 2735, for an order requiring one or both of the accounting parties to attend before the Surrogate and be examined under oath touching the matter of this investment, preliminarily to the filing of objections (Rule 8, *supra;* Geer v. Ransom, 5 *Redf.*, 578).

If such an application had been made and granted, and if a referee had thereupon been empowered to take the testimony of the accounting party and report the same to the court, I think it plain that such questions as are here under review would have been clearly material, and that a refusal to answer them would have been justly punishable as a contempt. But under the circumstances here disclosed, the motion to impose such punishment must be denied.