Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Albert S. Riker and another, doing business as the Riker-Demarest Company, against Genevieve P. Post. From a Municipal Court judgment for plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George F. Alexander, for appellant.

J. Garfield Moses, for respondents.

(125 App. Div. 619.)

## In re HEANEY'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. EXECUTORS AND ADMINISTRATORS—FURTHER ACCOUNTING—OMITTED ASSETS.

Respondent and decedent were coexecutors of an estate, and, after decedent's death, respondent became her executor, and was ordered by the court as executor of the first estate to pay to himself as decedent's executor $2,000 as decedent's commission as coexecutor. The asset was not mentioned by respondent in his final accounting, though it was in his hands at that time, or should have been, as the court's order to pay it antedated his accounting by about 18 months. Held, that the executor should be required to make a further account covering the amount.

2. SAME—CONCLUSIVENESS OF DECREE.

Code Civ. Proc. § 2742, subd. 3, provides that a judicial settlement of the account of an executor is conclusive evidence against all parties duly cited or appeared, and all persons deriving title from any of them,

that the money charged to the accounting party as collected is all that is collectible at the time of the settlement "on the debts stated in the account." *Held*, that one claiming that an executor had not accounted for certain assets of the estate is not obliged to proceed by motion to open the decree settling the accounting, since it was not conclusive as to those assets, and did not adjudge anything in respect thereto.

3. JUDGMENT—CONCLUSIVENESS—SURROGATE'S DECREE.

The decree of a surrogate having jurisdiction has the same conclusive effect, until opened or set aside, as the judgment of any other court.

4. SAME.

A final accounting of an executor before a surrogate does not preclude a proceeding against him for a subsequent accounting based upon discovered assets which were not included in the first accounting.

Jenks, J., dissenting in part.

Appeal from Surrogate's Court, Kings County.

Petition by Arthur J. Heaney, sole legatee under the will of Mary J. Heaney, to require Frank E. O'Reilly to account. From an order denying the relief, petitioner appeals. Reversed, and petition granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Walter Jeffreys Carlin, for appellant.

Charles H. Kelby, for respondent.

HOOKER, J. The appellant filed his petition in the Surrogate's Court, asking that the executor of the estate, Frank E. O'Reilly, file his accounting. The facts are hardly in dispute, and show that on the 24th day of August, 1906, Frank E. O'Reilly, executor of the last will and testament of Mary J. Heaney, deceased, filed an accounting, and the same was judicially settled, and he was discharged as executor. The decree directed the payment to Arthur J. Heaney, the appellant, of a sum of upwards of $5,000, which amount has been paid to him. This was the first and only accounting filed by Frank E. O'Reilly as executor of the last will and testament of Mary J. Heaney, deceased. Mary J. Heaney before her death was one of the executors and trustees under the last will and testament of one Arthur J. Heaney, deceased; the respondent, Frank E. O'Reilly, being her coexecutor and co-trustee. After the decease of Mary J. Heaney her coexecutor in the estate of Arthur J. Heaney, deceased, borrowed from her estate the sum of $15,000 for the benefit of the estate of Arthur J. Heaney, deceased, and this sum has not been repaid into the estate of Mary J. Heaney, deceased, nor has the appellant, as sole legatee under her will, received any benefit therefrom. It also appears that in and by the last will of Arthur J. Heaney, deceased, it was provided that one-half of the income of his estate be paid to Mary J. Heaney; that certain sums thereof were paid to Mary J. Heaney during her lifetime, but at the time of her death in August, 1904, there was due to her, as shown by the account filed by the executor of the estate of Arthur J. Heaney, upwards of $20,000. It also appears that at the time of her death there was due to Mary J. Heaney by way of commissions as executrix of the estate of Arthur J. Heaney, deceased, something over the sum of $2,000. In relation to this item, it appears that it was ordered in a decree made in the Arthur J. Heaney estate on the 12th day of January,

110 N.Y.S.—6

1905, that Frank E. O'Reilly, executor and trustee of that estate, should pay to himself as executor of the last will and testament of the said Mary J. Heaney, deceased, this sum of commissions. Although the accounting of Frank E. O'Reilly in this estate was not made until the 24th day of August, 1906, nevertheless his petition for an accounting did not mention this sum of over $2,000 which was to have been paid to himself as executor of Mary J. Heaney by way of her commissions from the estate of Arthur J. Heaney, deceased. This item actually came into the hands of Frank E. O'Reilly before his final accounting in the estate of Mary J. Heaney, deceased, or should have come into his hands, for the decree in the Arthur J. Heaney estate antedated his accounting in this estate by 18 or 19 months; and it is to be presumed he obeyed the mandate of that decree and paid to himself this sum of over $2,000. No mention, however, was made in his account in the Mary J. Heaney estate of this sum, and the petitioner, the appellant here, desires him to make a further account, first, of the loan of $15,000; second, of the charge in the estate of Arthur J. Heaney of over $20,000 which Mary J. Heaney was entitled to; and, third, this item of $2,000 for commissions. The learned surrogate has denied the motion of the petitioner for an accounting, and the petitioner appeals.

There may or may not be practical reasons why the executor of the estate of Mary J. Heaney should delay making his account for the $15,000 and the $20,000 items owing to the state of the administration of the affairs of Arthur J. Heaney, deceased. As to the item of $2,000, however, which Mary J. Heaney was entitled to by way of commissions as one of the executors of the estate of Arthur J. Heaney, there seems to be no valid reason why Frank E. O'Reilly, as her executor, should not account for the same. It is not denied that his accounting of August, 1906, made no reference to this item.

It is suggested that the appellant's remedy was by motion to open the decree, instead of by motion to compel a further account. With this contention I can hardly agree. Section 2742 of the Code of Civil Procedure provides:

"A judicial settlement of the amount of an executor or administrator, either by the decree of the Surrogate's Court, or upon an appeal therefrom, is conclusive evidence, against all the parties who were duly cited or appeared, and all persons deriving title from any of them at any time, of the following facts, and no others: * * * (3) That the money charged to the accounting party, as collected, is all that was collectible, at the time of the settlement, on the debts stated in the account."

The decree of a surrogate having jurisdiction until opened or set aside has the same conclusive effect as the judgment of any other court. Matter of Hood, 90 N. Y. 512. It hardly seems necessary or proper, therefore, to open the decree heretofore made in this matter. It is not contended that as to any of the debts mentioned in the former account there has been any error or miscarriage of justice. The contention is that there were other debts collectible which were not accounted for, and hence, of course, such other debts not having been mentioned in the account the decree upon the accounting was not conclusive as to them, nor did it adjudge anything in respect thereto. Nor

is the former accounting a bar to this application. It was said in the Matter of Hood, supra:

"It is doubtless true that what is known as a final accounting of executors and administrators before a surrogate does not include a proceeding against them for a subsequent accounting based upon new facts, such as the discovery or realization of assets since the first accounting."

In this case there has been by the appellant discovered assets which were not included in the first accounting. The presumption is that they were in the hands of the executor before his accounting, and, under the circumstances, it seems to me that the appellant has a strict legal right to call the executor to account for the $2,000 item of commissions. As to the other items, the one of $15,000 and the other of $20,000, the case does not seem so clear. However, at the time the executor accounts for the $2,000 item, the affairs of the estate of Arthur Heaney, deceased, may then be in such shape that it will be proper and important for the protection of the appellant's rights that the executor of the estate of Mary J. Heaney, deceased, shall then account for them as well.

I advise that the order of the surrogate be reversed, with costs, and the prayer of the petition be granted.

Order of the Surrogate's Court of Kings County reversed, with $10 costs and disbursements, and petition granted, with $10 costs. All concur, but JENKS, J., only so far as item of $2,000 is concerned.