(Surrogate's Court, Dutchess County. February, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 513*)—ACCOUNTING—CONCLUSIVENESS.
　　A judicial settlement of the accounts of an executrix is not conclusive as to amounts which she has received, and with which she does not charge herself, and with which she is not charged in the decree.
　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2289; Dec. Dig. § 513.*]

2. EXECUTORS AND ADMINISTRATORS (§ 495*)—ACCOUNTING—COMMISSIONS.
　　Commissions allowed executrix on an accounting for a fund in the hands of her testator as testamentary trustee belong to the testator's estate, and not to the executrix personally.
　　[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 495.*]

In the matter of the settlement of the accounts of Odell Corning Butler and Wright B. Odell, executors of Esther O. Abel. Decree rendered.

See, also, 123 N. Y. Supp. 282.

C. W. H. Arnold, for executors.
C. P. Dorland, for Ardella E. Dorland.
William C. Albro, for Anna E. Odell.
Martin Heermance, guardian ad litem, for Melvin Channing Butler.
John E. Mack, for Theodore Brill, Willis B. Odell, and Anna E. Odell.

HOPKINS, S. This is a final judicial settlement of the accounts of Odell Corning Butler and Wright B. Odell as executors of the last will and testament of Esther O. Abel, deceased, who died December 17, 1907.

The testatrix, Esther O. Abel, was the widow of John U. Abel, who died in November, 1893, and of whose will his wife was executrix. After her death Theodore R. Brill and Willis B. Odell were duly appointed by this court as the administrators with the will annexed of John U. Abel, deceased, and are made parties to this accounting for the reason stated in paragraph 5 of the petition herein, which reads as follows:

"That Theodore R. Brill and Wright B. Odell, as administrators with the will annexed of John U. Abel, deceased, claim that the estate of Esther O. Abel is indebted to the estate of John U. Abel for moneys received by her and for certain investments which she made in her own name, and that they have not filed a regular claim, but your petitioners desire to have them cited to the end that they may be brought into court and their claim, if any, established, so that your petitioners may be able to know the exact amount of the estate which comes into the hands of himself and of his coexecutor as trustees."

Thereafter, having been made parties to this proceeding, they appeared and duly filed objections to a large number of items of the account, all of which have been amicably adjusted, except two remaining

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for this court to pass upon, viz.: First, a note for $3,800 made by Wright B. Odell to Esther O. Abel in 1894, and which is claimed by the representatives of both estates; and, second, an item of $461.72 which was allowed Esther O. Abel by a decree of this court dated October 23, 1894, upon her accounting as executrix of the will of John U. Abel, deceased, with a substituted trustee under the will of one Nancy Uhl, deceased, of two trust funds created thereunder, which funds were in the possession of John U. Abel, as trustee under said Uhl will at the time of his death.

John U. Abel left a considerable estate, both in real and personal property, of which his widow was given the use and income for life. She made an accounting as executrix of his will to this court in 1897, and a decree passing and allowing the same was entered July 13, 1897. Nowhere in her accounts did she charge herself, as such executrix, with the $3,800 note in question. Considerable testimony was taken before me upon the ownership thereof, from which it appears that Mary J. Odell, a sister of John U. Abel, some time prior to his death, made and delivered to him a note of $3,800 for an indebtedness upon a farm, and that said note was owned and possessed by John U. at the time of his death in 1893. Subsequently, in the spring of 1894, it was arranged between Esther O. Abel, the widow and executrix of the will of John U. Abel, deceased, and Mary J. Odell, the maker of the aforesaid note, that her indebtedness should be canceled by the making and delivery of a new note signed by Wright B. Odell, a son of Mary J. Odell, who was in possession of the farm heretofore mentioned and who was to assume the indebtedness of his mother, which agreement was consummated by the making and delivery of the note in question, payable to Esther O. Abel individually, and not as executrix. Why this was done is partially disclosed by the testimony of Inez Odell, who says, in substance, she was present at the transaction, saw the original note, and heard Esther O. Abel say that by so doing it would not have to be put in the inventory, and thus escape the inheritance tax, as she termed it. The testimony of Ardella Dorland tends to corroborate this transaction. This evidence stands uncontroverted. It appears that this note never passed into the estate of John U. Abel, but was continued in the name of Esther O. Abel until her death, and is now in possession of the petitioners claiming it as part of her estate. I do not think their claim well founded. I can draw no inference from the facts in this case to warrant such a conclusion. By canceling the original note made to John U. Abel and accepting one in her own name in its place and stead, made by Wright Odell, she could not divest her husband's estate of ownership of the note, or the amount it represented, any more than she could have changed the title by appropriation or investment of any other security. The note and the amount represented thereby was in my opinion his; and the note of $3,800, now in existence, although in her name, belongs to the estate of John U. Abel, deceased.

The evidence relative to the commissions retained by Esther O. Abel and claimed by the estate of John U. Abel, deceased, discloses these facts: John U. Abel was trustee of two trust funds created un-

der the will of Nancy Uhl, deceased—one of about $6,650 for the bene-
fit of Inez A. Odell, and one of about $8,400 for the benefit of Edith
Brill. After his death, his executrix, Esther O. Abel, took possession
of these funds and accounted for the same to this court; and, upon
such accounting, a decree was entered, bearing date October 23, 1894,
allowing said accounts, and awarding as commissions the sum of
$461.72 in the following language:

"Further ordered, adjudged, and decreed that out of the balance so found
as above, remaining in the hands of the said executrix, she retain the sum
of four hundred sixty-one dollars seventy-two cents for the commissions to
which she is entitled on this accounting; * * * that one-half of the total
of the said executrix's commissions * * * be charged against the share
of each of said cestui que trusts."

From the language of the decree, it seems to me apparent that the
intention of the court was to award the commissions to Esther O.
Abel as executrix, and not individually; and she should have been
charged therewith in her account as executrix of the estate of John
U. Abel, deceased, but, instead, she retained the money as her own.
Her acts upon accounting for said trust funds were in a representative
capacity; and the estate she represented was entitled to the recom-
pense awarded, unless the court, upon such accounting and by the de-
cree made thereon, saw fit and proper to apportion such commissions
between the estate and the representative. This, of course, the court
would not do, unless a proper basis therefor was laid, and I find no
evidence that the question was raised at that time. I think, therefore,
that the decree as to the award of this commission is conclusive and
binding upon the parties, and that I am precluded by such decree from
passing upon or making any apportionment of such commissions (Code
Civ. Proc. § 2472; Matter of Hood, 90 N. Y. 512; Matter of Heaney,
125 App. Div. 619, 110 N. Y. Supp. 80), and that such commissions
belong to the estate of John U. Abel, deceased.

It has been strenuously urged upon this accounting by the petition-
ers that this court is estopped from passing upon the questions involv-
ing the $3,800 note in litigation, for the reason that the decree upon
the accounting of Esther O. Abel as executrix of the will of John U.
Abel, deceased, entered July 13, 1897, is a bar, and is conclusive upon
all the parties thereto. I agree with this contention only so far as it
applies to all matters embraced in the account upon which the decree
was based (Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839);
and I hold that, if there were any moneys, securities, or other property
belonging to the estate in the hands or within the knowledge of the
accounting party, not charged in the account or in the decree, then
such decree has no binding force or effect upon the property not ac-
counted for, and is not a bar to a further accounting.

It is evident that the note of $3,800 was not charged in the account-
ing of 1897, that its ownership was not passed upon in that accounting,
and I decide that it is not necessary for this court to open that decree
in order to reach such funds or a proper determination in this matter.
The representatives of the estate of John U. Abel, deceased, are be-
fore this court, having been duly cited, and ask that the moneys which

belong to that estate and which never were accounted for by the former representative be now accounted for and paid to them. They were brought here by the petitioners for that very purpose, to the end that litigation between these estates be forever concluded. Therefore, I conclude that the doctrine of estoppel does not apply to this matter; that the note of $3,800 is discovered assets belonging to the estate of John U. Abel, deceased, not included in any former accounting of his estate.

Let a decree be entered in accordance with this opinion upon three days' notice by any party. Decreed accordingly.