THERESA KELLY and JENNIE A. McNALLY, Respondents, *v.* MARTHA E. WERNER and Others, Defendants.

THE EMERALD AND PHŒNIX BREWING COMPANY, Assignee, Appellant ; ELIZABETH SUPPLE, Purchaser, Respondent.

*Partition — an interlocutory judgment should provide for an apparent existing lien — the question as to who was the judgment debtor will not be determined on affidavits — who is not a bona fide purchaser.*

In an action for the partition of land, in which the complaint averred that the share of one of the parties was subject to the lien of a judgment in favor of another party thereto, an answer, served by a company claiming to be the assignee of the judgment (although the assignment did not appear of record), was returned by the plaintiff upon the ground that the company was not a party to the action, and an interlocutory judgment was subsequently entered, excluding the judgment as a lien and making no provision for its payment.

*Held*, that such interlocutory judgment was in direct violation of the provisions of section 1563 of the Code of Civil Procedure, and that the assignee was entitled to have it set aside upon motion;

That, assuming that affidavits might be filed after the entry of the interlocutory judgment to cure the irregularity existing therein, the affidavit of the alleged judgment debtor, showing that he was not the party defendant in the action in which the judgment in question was obtained, was not available in support of such interlocutory judgment, where such affidavit was repudiated by the affiant, who claimed that he never made it, and he was supported in this respect by another affiant, as, under such circumstances, the question should not be determined upon affidavits;

That, as the irregularity in the interlocutory judgment appeared upon the face of the proceedings, a purchaser of the property at the sale had under such judgment did not stand in the position of a *bona fide* purchaser for value, nor was she entitled to protection as such.

APPEAL by The Emerald and Phœnix Brewing Company of New York, assignee of the defendants Thomas C. Lyman and Henry L. Greenman, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 27th day of May, 1898, denying its motion to vacate and set aside the interlocutory judgment of partition and sale entered in said clerk's office on the 24th day of August, 1897, and the proceedings thereunder, as irregular and void.

*Isaac N. Miller*, for the appellant.

*William H. Stockwell*, for the purchaser, respondent.

*William S. Haskell*, for plaintiff respondents.

HATCH, J.:

This was an action brought to partition certain lands. In the complaint it was averred that the share of Martha E. Werner in the real estate sought to be partitioned was subject to the lien of a certain judgment rendered against William C. Williams, a grantor of Martha E. Werner, in favor of Thomas C. Lyman and Henry L. Greenman. The last-named persons were made parties defendant in the action, and made default in the service of an answer. The Emerald and Phœnix Brewing Company claimed to be the assignee of this judgment, and through its attorney served a verified answer setting up its ownership of the judgment. This answer was returned by the plaintiffs upon the ground that the brewing company was not a party to the action. No other pleading representing this judgment interest was served, and the answer

returned was retained by the brewing company. Upon application to the court for an interlocutory judgment a search of the premises, then in the possession of the plaintiffs, disclosed the existence of the judgment as a lien. The assignment to the brewing company did not appear of record. There was no change in these facts when the court granted the application for judgment, and nothing then appeared which in the slightest impaired the existence of the judgment as a valid lien. On the contrary, it stood entitled to protection as a subsisting lien in the judgment authorized to be entered. The judgment as entered did not protect, but excluded it as a lien, and made no provision for paying into court from the proceeds of the sale a sum sufficient to discharge it. The interlocutory judgment was, therefore, in direct violation of the provisions of section 1563 of the Code of Civil Procedure, which requires such provision. As a judgment in partition is conclusive upon all parties to the action (*Jordan* v. *Van Epps*, 85 N. Y. 427; Code Civ. Proc. § 1557) it became essential that this judgment should be protected in this action or be forever cut off as a lien upon the premises. The interlocutory judgment as entered was, therefore, irregular, and upon motion made in due time is required to be set aside as a matter of right. The affidavit of Williams, subsequently obtained, showing that he was not the party defendant in the action in which the judgment was obtained, cannot avail the plaintiffs in the present condition of this case. Assuming that such affidavits may be subsequently filed to cure irregularity in entering the interlocutory judgment, yet the moving papers disclose that Williams repudiates such affidavit, claiming that he never made it; and in this respect he is supported by another affiant. Under such circumstances, as the irregularity stands confessed, we ought not to try this question now upon affidavits, or cut off this judgment upon doubtful proof, where the proceedings show that it should have been cared for when the interlocutory judgment was entered. The purchaser, however, claims that she stands in the position of a *bona fide* purchaser for value, and is, therefore, entitled to protection. We do not think this claim can be sustained. The defect appeared upon the face of the proceedings. As we have seen, the judgment was averred in the complaint as a lien; a search of the premises showed it so existing;

there was no proof to impair it, and the interlocutory judgment, although reciting that Lyman and Greenman were judgment creditors, excluded it from participation in the proceeds of the property. Of these things the purchaser was bound to take notice, and they established that the entry of the interlocutory judgment was irregular in this respect and might become subject of attack.

It is further urged that the brewing company has no standing to make this motion. We think otherwise. The plaintiffs had notice of the claim of the company, and the answer served set up that the judgment had been assigned to it. This answer is verified, and the fact is not disputed by any proof. The brewing company, therefore, succeeded to all of the rights possessed by the judgment creditors for the enforcement of the judgment. They would have standing to make the motion, and we think the company now, as the real party in interest, has the same rights which they would have possessed.

Our conclusion is that, while the order should be reversed and the motion granted, the order to be entered should require restitution by Martha E. Werner of the money representing the share she obtained from Williams, or the whole purchase price, as the purchaser shall elect.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs. Order to be settled before HATCH, J.