KELLY et al. v. WERNER et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1898.)

1. PARTITION—JUDGMENT OF SALE—PROVISION FOR LIEN.
Under Code Civ. Proc. § 1563, requiring the interlocutory judgment in partition where there is an existing lien upon the share of one of the parties, to direct the officer making the sale to pay into court enough of such person's portion to discharge the lien, a judgment entered in such proceedings, making no provision for the payment of a judgment appearing on the record, and shown by the pleadings to exist against one of the parties, is irregular, where its validity was not impaired, notwithstanding the record owners were made parties to the proceedings, and suffered default, the judgment having been assigned.

2. SAME—MOTION TO VACATE—EVIDENCE.
On a motion to vacate an interlocutory judgment rendered in partition for failure to make provision for a judgment lien existing against the share of one of the parties, an affidavit of the supposed judgment debtor that he was not a party defendant in the action in which the judgment lien was obtained cannot be considered where, in the moving papers, he claimed he never made the affidavit, which statement was supported by another affidavit.

3. SAME—LIABILITY OF PURCHASER.
The purchaser at a partition sale is bound by all irregularities and defects appearing upon the face of the proceedings.

4. SAME—RIGHTS OF ASSIGNEES OF LIEN.
In partition, where the interlocutory judgment fails to make provision for a judgment lien existing against the share of one of the parties, the assignees thereof are entitled to move to set the same aside, although their assignment did not appear of record, where the plaintiffs in the partition had notice thereof before the interlocutory judgment was rendered.

Appeal from special term, Kings county.

Partition proceedings by Theresa Kelly and another against Martha E. Werner and others. An interlocutory judgment was entered, which failed to make provision for a judgment lien against the share of Martha E. Werner. From an order denying a motion of the assignees

of the judgment to vacate the interlocutory judgment, they appeal. Order reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Isaac N. Miller, for appellants.

William H. Stockwell, for purchaser respondent.

William S. Haskell, for plaintiff respondents.

HATCH, J. This was an action brought to partition certain lands. In the complaint it was averred that the share of Martha E. Werner in the real estate sought to be partitioned was subject to the lien of a certain judgment rendered against William C. Williams, a grantor, of a share in the premises of Martha E. Werner, in favor of Thomas C. Lyman and Henry L. Greenman. The last-named persons were made parties defendant in the action, and made default in the service of an answer. The Emerald & Phœnix Brewing Company claimed to be the assignee of this judgment, and, through its attorney, served a verified answer setting up its ownership of the judgment. This answer was returned by the plaintiffs upon the ground that the brewing company was not a party to the action. No other pleading representing this judgment interest was served, and the answer returned was retained by the brewing company. Upon application to the court for an interlocutory judgment, a search of the premises, then in the possession of the plaintiffs, disclosed the existence of the judgment as a lien. The assignment to the brewing company did not appear of record. There was no change in these facts when the court granted the application for judgment, and nothing then appeared which in the slightest impaired the existence of the judgment as a valid lien. On the contrary, it stood entitled to protection as a subsisting lien in the judgment authorized to be entered. The judgment, as entered, did not protect, but excluded, it as a lien, and made no provision for paying into court, from the proceeds of the sale, a sum sufficient to discharge it. The interlocutory judgment was, therefore, in direct violation of the provisions of section 1563 of the Code of Civil Procedure, which requires such provision. As a judgment in partition is conclusive upon all parties to the action (Jordan v. Van Epps, 85 N. Y. 427; Code Civ. Proc. § 1557), it became essential that this judgment should be protected in this action, or be forever cut off as a lien upon the premises. The interlocutory judgment as entered was, therefore, irregular, and upon motion made in due time is required to be set aside as a matter of right. The affidavit of Williams, subsequently obtained, showing that he was not the party defendant in the action in which the judgment was obtained, cannot avail the plaintiffs in the present condition of this case. Assuming that such affidavits may be subsequently filed to cure irregularity in entering the interlocutory judgment, yet the moving papers disclose that Williams repudiates such affidavit, claiming that he never made it; and in this respect he is supported by another affiant. Under such circumstances, as the irregularity stands confessed, we ought not to try this question now upon affidavits, or cut off this judgment upon doubtful proof, where the proceedings show that it should have been cared for when the interlocutory judg-

ment was entered.    The purchaser, however, claims that she stands in the position of a bona fide purchaser for value, and is therefore entitled to protection.    We do not think this claim can be sustained. The defect appeared upon the face of the proceedings.    As we have seen, the judgment was averred in the complaint as a lien; a search of the premises showed it so existing; there was no proof to impair it; and the interlocutory judgment, although reciting that Lyman and Greenman were judgment creditors, excluded it from participation in the proceeds of the property.    Of these things the purchaser was bound to take notice, and they established that the entry of the interlocutory judgment was irregular in this respect, and might become subject of attack.

It is further urged that the brewing company has no standing to make this motion.    We think otherwise.    The plaintiffs had notice of the claim of the company, and the answer served set up that the judgment had been assigned to it.    This answer is verified, and the fact is not disputed by any proof.    The brewing company therefore succeeded to all of the rights possessed by the judgment creditors for the enforcement of the judgment.    They would have standing to make the motion, and we think the company now, as the real party in interest, has the same rights which they would have possessed.

Our conclusion is that, while the order should be reversed, and the motion granted, the order to be entered should require restitution by Martha E. Werner of the money representing the share she obtained from Williams, or the whole purchase price, as the purchaser shall elect.

Order reversed, with $10 costs and disbursements, and motion granted, without costs.    All concur.