ELIZABETH JORDAN, Appellant, *v.* JOHN. C. VAN EPPS, Respondent.

A judgment in an action for partition is binding and conclusive upon all the parties, not only as to the matter actually determined, but as to every other matter, which the parties might have litigated and had decided, as incident to or essentially connected with the subject-matter of the litigation within the purview of the action, either as matter of claim or defense. It is for the court to determine therein whether it is a proper case for a partition or sale, and if it errs, the error can only be corrected on appeal.

C., plaintiff's husband, conveyed certain premises to his brother G.; plaintiff did not join in the deed. After the death of G., C. as one of his heirs brought an action for partition of the premises; plaintiff was made a party defendant. The complaint alleged that she claimed an inchoate right of dower in the premises because she had not signed said deed and that each undivided portion was subject thereto. The summons with notice of object of action was served upon her. She did not appear. The final judgment made no provision for her dower. Upon sale under said

judgment defendant became the purchaser. In an action to recover dower, *held*, that the judgment in the partition suit was a bar; that it was the intent of the provisions of the Revised Statutes in reference to partition (2 R.·S. 318, § 5 *et seq.*) to cut off the inchoate right of dower of any party to a partition suit, as a general rule; that if the position was tenable, that the claim for dower, being an adverse one accruing before the title of the tenants in common, could· not be determined in the partition suit, it should have been presented in some form in that action; and, having. failed to do this, plaintiff could not claim in another action that she was unlawfully deprived of her dower right.

*Badgley* v. *Halsey* (4 Paige, 98), *Jenkins* v. *Van Schaack* (3 id. 242), *Burhans* v. *Burhans* (2 Barb. Ch. 398), *Hosford* v. *Merwin* (5 Barb. 51), *Florence* v. *Hopkins* (46 N. Y. 182), *O'Dougherty* v. *Aldrich* (5 Den. 385), distinguished.

Also *held*, that the death of C. before the entry of the decree in the partition suit could not affect the rights of the purchaser as far as this action was concerned, that it could only be considered upon application to the court in the partition suit.

(Argued·May 12, 1881; decided May 31, 1881.) ·

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 5, 1880, which affirmed a judgment in. favor of defendant, entered upon a verdict, and affirmed an order denying a motion for a new trial. (Reported below, 19 Hun, 526.)

This action was brought by plaintiff, as the widow of Christopher Jordan, to recover an alleged dower interest in certain lands in the city of Rochester.

In March, 1852, said Christopher, who was then the owner of the lands, deeded them to his brother, George W. Jordan. Plaintiff did not join in the deed.

Defendant claimed title under a sale by virtue of a judgment in a partition suit. The facts in reference thereto are set forth sufficiently in the opinion.

*Daniel Wood* for appellant. An action for partition is an equity suit. In such action, conflicting claims cannot be tried; especially, "when the title to dower is in controversy, it must be settled at law." (4 Kent [7th ed.], 73, 381; *Badgeley* v.

*Bruce,* 4 Paige, 98; *Jenkins* v. *Van Schaack,* 3 id. 342; *Burhans* v. *Burhans,* 2 Barb. 398; *Hosford* v. *Merwin,* 5 id. 57; *Florence* v. *Hopkins,* 46 N. Y. 182; *O'Dougherty* v. *Aldrich,* 5 Den. 385.) ·Dower may also be admeasured notwithstanding a partition suit has been brought and the widow made a party. (*In re Sipperly,* 44 Barb. 370; *Youngs* v. *Carter,* 10 Hun, 194.) The statute (2 R. S. [3d ed.] 421, § 65), as to the effect of a conveyance in partition, in declaring who shall be barred by a sale, means those and those only who are proper parties to the action; and those only who and whose rights can be affected by the suit or proceedings. (*Lewis* v. *Smith,* 9 N. Y. 502, 516, 519; *Em. Ind. Sav. Bk.* v. *Goldman,* 75 id. 127, 131, 132.) Even while dower is inchoate in the life-time of the husband, it will be protected in law. (*Simar* v. *Canaday,* 53 N. Y. 298; *Matter of Sipperly,* 44 Barb. 370; *Youngs* v. *Carter,* 10 Hun, 194; *Pomeroy* v. *Pomeroy,* 54 How. 228.) The inchoate right of dower of the wife is as much entitled to protection as the vested right of the widow. (*Mathews* v. *Duryee,* 4 Keyes, 525; *Mills* v. *Van Voorhis,* 20 N. Y. 412.) A decree of a court is not always final in matter of dower, even where the wife is a party to the action. (*Crain* v. *Cavana,* 36 Barb. 410, 413.) The plaintiff, as to her first claim of dower, was precisely in the position of a prior incumbrancer on the foreclosure of a subsequent mortgage, where the prior incumbrancer is made a party, in which case a judgment of foreclosure and sale in no way affects or prejudices the rights of such prior incumbrancer. (*Eagle Fire Co.* v. *Lent,* 6 Paige, 635; *Holcomb* v. *Holcomb,* 2 Barb. 20; *Banks* v. *Weed,* 4 Sandf. Ch. 208; *Corning* v. *Smith,* 6 N. Y. 82; *Lewis* v. *Smith,* 9 id. 502; *Frost* v. *Koon,* 30 id. 428; *Mathews* v. *Duryee,* 4 Keyes, 525; *Mallory* v. *Horan,* 49 N. Y. 111; *Merchants' Bk.* v. *Thomson,* 55 id. 7; *Rathbone, Trustee,* v. *Hoovey,* 58 id. 463; *Em. Ind. Sav. Bk.* v. *Goldman,* 75 id. 127; *Lee* v. *Parker,* 43 Barb. 611; *Becker* v. *Howard,* 4 Hun, 359.) The defendant had full personal notice of this prior dower claim of plaintiff before he took his deed or completed his purchase, and

hence accepted his title subject to it. (*Sanford* v. *McLean*, 3 Paige, 117; *Wood* v. *Calvin*, 2 Hill, 566; *Stafford* v. *Williams*, 12 Barb. 240; *Merchants' Bk.* v. *Thomson*, 55 N. Y. 7, 11; *Fryer* v. *Rockfeller*, 63 id. 268, 272, 276-7; *Frost* v. *Koon*, 30 id. 428.) The decision of a motion by the court is never *res adjudicata*. (*Labor* v. *Dunning*, 56 How. 209; *Smith* v. *Spalding*, 3 Robt. 615; *Belmont* v. *Erie R. R. Co.*, 52 Barb. 637; *Easton* v. *Pickersgill*, 75 N. Y. 599.) The court in the partition suit had no jurisdiction of the prior dower in the whole premises, it being a prior incumbrance, and did not attempt to assume any power over it, while it did. act upon her dower right in the one-tenth part of the premises, and as to the latter's right the judgment and sale was a bar. (*Wotten* v. *Copeland*, 7 Johns. Ch. 140; *Sebring* v. *Mersereau*, 9 Cow. 344.)

*Fanning & Williams* for respondent. The partition suit and decree and sale thereunder is a bar to this action. (2 R. S. 318, §§ 5-6; 3 R. S. [Banks & Bros'. 6th ed.] 584, 586, 592, 593, §§ 8-9, 15, 16, 19-20, 51, 52, 60, 61, 74; *Noble* v. *Cromwell*, 6 Abb. Pr. 60; *S. C.*, 3 Abb. Ct. App. Dec. 282; *Wilkinson* v. *Panot*, 3 Paige, 353-8; *Tanner* v. *Niles*, 1 Barb. 560; *Blakeley* v. *Calder*, 15 N. Y. 617; *Clemens* v. *Clemens*, 37 id. 59, 72; *Howell* v. *Mill*, 56 id. 226; *Mead* v. *Mitchell*, 17 id. 210, 216; *Bloomer* v. *Sturges*, 58 id. 176; *Brevoort* v. *Brevoort*, 70 id. 136; *Jenkins* v. *Fahey*, 73 id. 355; Freeman on Judgments, § 304; Scribner on Dower, 331; *Tanner* v. *Niles*, 1 Barb. 561; *Jackson* v. *Edwards*, 22 Wend. 517; *Wright* v. *Dunning*, 46 Ill. 271; *Whittemore* v. *Shaw*, 8 N. H. 393; *Embury* v. *Conner* 3 Comst. 511; *Pentz* v. *Kuester*, 41 Mo. 447-450; 5 Wait's Pr. 116, 182; *Moore* v. *Mayor*, 8 N. Y. 110; *Ehle* v. *Bingham*, 7 Barb. 494; *Kimmer* v. *Kimmer*, 45 N. Y. 540; *Farr* v. *James* (1881), 11 N. Y. Weekly Dig. 497; *Smith et al.* v. *Engle*, 14 Nat. Bankr. Reg. 481-4; *Hunt* v. *Hunt*, 72 N. Y. 218; *Jenkins* v. *Fahey*; 73 id. 355; *Shelden* v. *Wright*, 5 id. 497, 515, 516; *Smith* v. *Smith*, 79 id. 634; *Searle* v. *Galbraith*, 73 Ill. 269; *Guthrie*

v. *Lowry*, 84 Penn. St. 537, 548 ; *Spaulding* v. *Baldwin*, 31 Ind. 376.) Even if there were any irregularity in the partition suit it does not affect respondent's title. (*Alvord* v. *Beach*, 5 Abb. Pr. 451 ; *Brevoort* v. *Brevoort*, 70 N. Y. 136 ; *Carter* v. *Nichols*, 42 id. 26 ; *Winston* v. *Haynes*, 49 Mo. 263 ; Gerard's Abstract of Title, 622.) A purchaser on a partition, under the order of the court, is entitled to be protected even against·error. (*Holden* v. *Sackett*, 12 Abb. Pr. 473 ; *Wadhams et al.* v. *Gray* [1874], 73 Ill. 422 ; *Harris* v. *Jay*, 55 N. Y. 421 ; *Dorsey* v. *Thompson*, 37 Md. 26–45 ; *Lecombe* v. *R. R.*, 23 Wall. 109–118 ; N. Y. Ct. App., 6 N. Y. Weekly Dig. 313 ; *Woods* v. *Lee*, 21 La. Ann. 505 ; *McCahill* v. *Eq. Co.*, 26 N. J. Eq. 531–536 ; *Yaple* v. *Titus*, 41 Penn. St. 195 ; *Lawrence* v. *Hunt*, 10 Wend. 81 ; *Kingsland* v. *Spaulding*, 3 Barb. Ch. 241 ; *Birkhead* v. *Brown*, 5 Sandf. 135 ; 1 Greenleaf on Ev., § 189.) Orders made on motions for confirmation of referee's report in partition, and to open the partition sale and for resale, are *res adjudicata*. (*Jay* v. *DeGroot*, 2 Hun, 205–207 ; *Whittlesey* v. *Frantz*, 7 N. Y. Weekly Dig. 403 ; *Dwight* v. *St. John*, 25 N. Y. 203–205.) The partition decree, deed, and subsequent motions were a bar to plaintiff's claim, and authorized the nonsuit, it being proper and right. On these grounds alone it should be sustained. (*Stone* v. *Fowler*, 47 N. Y. 566.)

MILLER, J. The decision of the General Term, sustaining the judgment of the trial court in this action, is based upon the sole ground that the decree in the action of partition in which Christopher Jordan was the plaintiff, and the plaintiff herein and others were defendants, and the sale under the same to the defendant in this action, was a bar to the plaintiff's action to recover her dower in the premises in question, which constitutes the same land which was sold and purchased by the defendant under the decree. If this position is a sound one the case was properly disposed of, and it, therefore, becomes important to consider whether it can be upheld.

The plaintiff herein was a defendant in the partition suit.

The complaint averred that she claimed an *inchoate* right of dower in the premises, as never having signed the deed by which they were conveyed by her husband, Christopher Jordan, in 1852, to George W. Jordan. It also alleged that each undivided one-tenth part was subject to the *inchoate* right of dower of the said Elizabeth Jordan. The judgment-roll showed proof of the service of a summons, and notice of the object of the action upon said Elizabeth Jordan, the plaintiff herein, and that she failed to appear. The decree of sale was first entered on the 26th of June, 1875, and stated that Christopher Jordan was entitled to the one undivided tenth part of the premises, and Elizabeth Jordan to an *inchoate* right of dower therein, and provided for the payment to the plaintiff therein, and Elizabeth Jordan, of one-tenth of the proceeds of the sale. This decree was opened, new parties brought in and a supplemental complaint filed. A second reference was then ordered, and the referee found that Christopher Jordan, before the commencement of the partition suit, procured an absolute divorce dissolving the marriage contract between him and the said Elizabeth Jordan, but nothing is said in regard to the right of dower of the said Elizabeth. This report was confirmed by the usual decree of partition, which was made, and judgment was entered March 3, 1876, under which the premises were sold.

The claim of the appellant is that the plaintiff had two separate and distinct dower interests in the same premises, as the widow of Christopher Jordan, deceased. *First.* Dower in the entire premises when it was sold by her husband to George W. Jordan; and *Second.* Dower in her husband's share, being the one-tenth part thereof, as one of the heirs of George W. Jordan, deceased. That the first claim was a prior incumbrance upon the premises, when George W. Jordan purchased them, and he took subject thereto, while the second accrued subsequently; and while the plaintiff was a proper party in the partition suit as to the second claim of dower, the first was not the subject of litigation in said action, and no issue was made or adjudication had in reference to the same. We think that the

position contended for cannot be sustained. The statutes of this State, relating to the partition of real estate, make provision expressly for cases where there is an interest of a tenant for years, for life, by courtesy or in dower, and for the making of any persons, who have any such interest, and any person entitled to dower, if the same has not been admeasured, a party. (2 R. S. 318, §§ 5, 6.) And any such person having an interest, whether it "be present and vested or contingent," may appear and answer or defend. (2 R. S. 319, §§ 15, 16.)

It is also declared that in case of a sale of the premises, including a dower right, the interest shall pass to the purchaser, and that from the proceeds of the sale a sum in gross shall be paid to the person entitled to dower. (2 R. S. 325, §§ 51, 52.) The conveyance to a purchaser upon a sale under the decree is also a bar against all persons who have been named as parties. (2 R. S. 327, § 61.) By chapter 177, Session Laws of 1840, provision is also made for ascertaining and settling the proportionate value of an *inchoate* right of dower. These provisions clearly indicate an apparent intention to cut off an *inchoate* right of dower where the person has been made a party in a partition suit as a general rule. Whether this can be done, where as in this case there are two separate claims for dower, one of which relates to the whole premises and the other to an undivided portion thereof, remains to be considered. If the defendant had appeared in the action and it was clear that there was a controversy as to her title to dower, it might, perhaps, be urged that the claim was an adverse claim, which had accrued prior to the title of the tenants in common, and could only be tried and determined at law. That question, however, is not now presented, and the authorities cited to sustain the doctrine contended for were cases where such a defense was interposed and the question was distinctly raised, either by demurrer or upon the hearing, as will be seen by an examination of these decisions. In *Badgley* v. *Halsey* (4 Paige, 98), a bill was filed to recover dower, and contained a prayer for an assignment of the same and general relief. The defendant demurred for a want of equity, alleging that the complainant had a full and complete

remedy at law, and it was held that if the right of the widow is admitted by the answer, the court will proceed at once to assign dower; if disputed, it will retain the bill and direct a suit at law to ascertain the title. In *Jenkins* v. *Van Schaack* (3 Paige, 242), which was a bill for partition, the defendant demurred upon the ground that a court of law was the only proper tribunal to settle the construction of a will, and decide upon the rights of the parties under the same, and it was held that the Court of Chancery has concurrent jurisdiction with courts of law, and if the premises were held adversely, that defense should be set up by plea or answer. *Burhans* v. *Burhans* (2 Barb. Ch. 398) was a bill of partition; proof was taken, and upon a hearing a decree entered, and it was held that it was the intention of the revisers to exclude a party from instituting a partition where the premises were held adversely, and the proper course was to dismiss the bill as prematurely filed without prejudice to the complainant's rights to institute a new suit for the partition, after he had obtained possession of his undivided share or interest, by a recovery in ejectment or otherwise. In *Hosford* v. *Merwin* (5 Barb. 51), in an action for a partition, the parties appeared, pleadings were put in and proofs taken at Special Term, and the general rule is upheld that a court of equity will not entertain a bill in partition, where the legal title is in dispute, because a court of law is the proper tribunal to determine such questions. (See, also, *Florence* v. *Hopkins*, 46 N. Y. 182; *O'Dougherty* v. *Aldrich*, 5 Denio, 385.)

In each of the cases cited there was an appearance, an issue, and the question was raised as to the right to the relief claimed and decided; while, in this case, although the defendant was served with process, she did not appear or present any claim that she held adversely. The rights of the plaintiff were stated in the complaint, and as they were not denied, must be considered as admitted. That the decree first entered made an improper provision for the plaintiff's dower interest, and that, upon its being opened and a new decree made, the referee found that Christopher Jordan, before the commencement of

the partition suit, procured an absolute divorce from the plaintiff herein, and that the second decree made no provision whatever as to the plaintiff's right of dower, were matters to be considered in that case, as the plaintiff could have answered, appealed from the judgment, or moved to set it aside; and if erroneous, had her rights protected. She could then have set up her adverse possession or claim, insisting that her right should be determined at law, and not in equity; and, having failed to do this, or to make any defense, has no right to claim, in another action, that she was unlawfully deprived of her dower right. How could the court be advised of her claim or pass upon it, before it was properly presented? The claim, that the dower was a prior or paramount incumbrance, and that the claimant could not be made a party to a partition suit, and that her rights were not affected by the judgment, even if correct, is answered by the fact, that, as she was made such party, did not appear and set up such a defense or raise the question as to the right of the court to pass upon her claim in that action, she is precluded from doing so in this action.

It is also insisted that the plaintiff, as to her first claim of dower, occupies the position of a prior incumbrancer on the foreclosure of a subsequent mortgage, who is made a party, and that a judgment of foreclosure and sale, in such case, can in no way affect or prejudice the rights of such prior incumbrancer; and numerous cases are cited to sustain this view.

While these cases sustain the general principle that a prior incumbrancer, or one who claims adversely, is not a proper party in a foreclosure suit, or in actions of a kindred character, involving a question of priority as to liens or a claim to dower, adverse to the interest of the plaintiff, none of them hold that where the claim is stated in the complaint, as was the fact in the partition case, that it may not be the subject of adjudication, and the judgment thereon conclusive where no objection is taken that it is not a proper subject of consideration. No doubt a prior incumbrancer may be a party in a foreclosure case for the purpose of having the amount of his lien liquidated and paid out of the proceeds of the sale. (*Holcomb* v. *Hol-*

*comb,* 2 Barb. 20.) Nor can a prior dower-right in such a case or the lien of a prior incumbrancer be cut off where it is merely alleged that the interest was subsequent, and the objection is taken. (See *Lewis* v. *Smith,* 9 N. Y. 502; *Frost* v. *Koon,* 30 id. 448.) But it is not decided that, in an action for the partition of lands, such a right cannot be made the subject of adjudication, although it related to the title prior to that acquired by the tenants in common, where no such defense is interposed by a party to the action and the objection is not taken. Be that as it may, however, the rule is well settled that a judgment rendered by a court having competent authority to deal with the subject-matter involved in the action, and jurisdiction of the parties, although against the facts, or without facts to sustain it, is not void as rendered without jurisdiction, and cannot be questioned collaterally. (*Hunt* v. *Hunt,* 72 N. Y. 218; *Jenkins* v. *Fahey,* 73 id. 355.) In an action for the partition of lands, the judgment is binding upon all the parties, and it is for the court to determine whether it is a proper case for a partition or sale; and if it errs, the error can only be reviewed upon appeal. (*Blakeley* v. *Calder,* 15 N. Y. 617; *Howell* v. *Mills,* 56 id. 226.)

The judgment is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as a matter of claim or of defense. (*Clemens* v. *Clemens,* 37 N. Y. 74; *Bloomer* v. *Sturges,* 58 id. 176.)

The court had jurisdiction in this action over the subject-matter and over the parties in the partition suit within the decisions cited; the plaintiff's right of dower was set forth in the complaint, and she could have contested the statement of the same if she chose to do so; and in case the decision was adverse to her, she could have appealed. She interposed no defense that her right of dower was not a subject of adjudication. She made no claim that the judgment was erroneous, or that there was any departure from the complaint in the de-

cree, or that proof was allowed on the reference showing the divorce. The remedy was in that action, and, having had her day in court and acquiesced in the judgment, she cannot assail it collaterally in this action. It was not void, even, although against the facts, or without facts within the decisions cited. It cannot be controverted in this action, and the defendant acquired a perfect title by the conveyance to him under the decree.

The death of Christopher Jordan before the decree of sale in partition cannot affect the rights of the purchaser. If any ground of complaint existed in this respect it should have been presented in the partition case by an application to the court, and is not a proper subject for consideration in this action.

As the decree in the partition suit and the sale under the same is a complete bar to the plaintiff's action, we are not called upon to consider some other questions raised by the appellant's counsel.

The judgment was right, and should be affirmed.

All concur, except FOLGER, Ch. J., absent, and RAPALLO, J., not voting.

Judgment affirmed.