---

### In re JENKINS' ESTATE.

(Supreme Court, Appellate Division, First Department.  May 21, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 473*)—ACCOUNTING.
Where, in an action to compel an executrix to account after she had accounted and been discharged, the petition fails to allege that any further sums came into the hands of the executrix, and she specifically denies that she has received any further sums, the accounting is properly denied.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2043; Dec. Dig. § 473.*] .

2. JUDGMENT (§ 713*)—RES JUDICATA—PARTITION.
A judgment in partition is binding and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation, within the purview of the original action either as matter of claim or defense.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

3. JUDGMENT (§ 487*)—COLLATERAL ATTACK.
A judgment rendered by a court having authority to deal with the subject-matter involved in the action and having jurisdiction of the parties, although against the facts, or without facts to sustain it, is not void as rendered without jurisdiction, and cannot be attacked collaterally.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 921; Dec. Dig. § 487.*]

4. JUDGMENT (§ 713*)—RES JUDICATA—PARTITION—ACCOUNTING.
Where it is sought to partition all the property going to beneficiaries, who claim as tenants in common under a will, and the court has jurisdiction of the subject-matter and all the parties affected by the will, and gives to each beneficiary absolute title to the share coming to him consistent with the provisions of the will, the will being before the court in full, the partition suit is a bar, in a subsequent suit for accounting, as to the question whether the will created a trust.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

5. PERPETUITIES (§ 9*)—UNLAWFUL ACCUMULATIONS.
A will, directing "that the payment of all taxes, assessments, interest on mortgages, insurance premiums, repairs, and other current expenses, a sum at the rate of $1,000 per annum, out of the rents of my estate, be paid toward the satisfaction of the mortgages on my said estate," is void as to the $1,000 payment as an unlawful accumulation, not permitted by the statute against accumulations beyond minority.
[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 70; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. WILLS (§ 473*)—VOID PROVISIONS—EFFECT.

    Where a provision in a will is void as providing for an unlawful accumulation, the provision will be treated as stricken from the will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992–995; Dec. Dig. § 473.*]

7. EXECUTORS AND ADMINISTRATORS (§ 465*)—ACCOUNTING.

    Where, in accordance with provisions of Laws 1877, p. 58, c. 53, the Supreme Court mortgaged certain property of a decedent's estate, and the guardian appointed therein received the proceeds and accounted to that court, which account was confirmed, there can be no question as to such proceedings on an application in the Surrogate's Court to compel one not the guardian to account as executrix of the estate.

    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 465.*]

  Appeal from Order of Surrogate, New York County.

Proceedings by E. Caroline Capen against Margaret G. Kopper and another, executrices of Charlotte E. Jenkins, deceased, to compel an accounting. From an order directing the accounting, the executrices appeal. Reversed, and proceedings dismissed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Allen Wardwell, for appellant Kopper.

Bangs & Van Sinderen (Howard Van Sinderen, of counsel), for appellant Jenkins.

Ritch, Woodford, Dovee & Butcher (William F. MacRae, of counsel), for respondent.

CLARKE, J. Appeal from an order of the surrogate requiring Margaret G. Kopper and Sarah R. Jenkins, as executrices and trustees of the estate of Charlotte E. Jenkins, deceased, to file an account of their proceedings as such executrices and trustees from the date of the last accounting by Margaret G. Kopper. The petitioner is the granddaughter of Charlotte E. Jenkins and the daughter of Margaret G. Kopper. Charlotte E. Jenkins died December 17, 1862, leaving a last will and codicil, which was duly probated. The fourth paragraph of the will provided as follows:

"I give and devise to my husband the one-fourth part of the net rents, issues and profits of my real estate, subject to the provisions hereinafter contained, during his natural life and so long as he remains unmarried, and no longer."

Such life interest was terminated by his marriage in 1866.

"Fifth. I give and devise to each of my three children, one equal fourth, and after the decease of their father, one equal third part of the net rents, issues and profits of my real estate, to have and to hold each for and during the term of his or her natural life, with remainder in fee as to the share of each after his or her death, to his or her children or issue; and in case of the death of any without issue to the survivors or survivor and issue of any deceased."

One of the three children provided for in said paragraph of the will, Mary C. Jenkins, died in 1869, without issue, leaving Margaret G. Kopper and Sarah R. Jenkins, the appellants in this proceeding, as

the only surviving children of the testatrix. The executors of the estate were named in the codicil executed November 18, 1862, and were Rev. George B. Draper and the two daughters of the testatrix, Margaret G. Jenkins, now Mrs. Margaret G. Kopper, and Sarah R. Jenkins. Rev. George B. Draper alone qualified and acted as executor until 1867, when Margaret G. Kopper qualified as executrix. On the 8th day of December, 1869, Mrs. Kopper filed her account as executrix, in which she accounted for all moneys and properties which had come into her hands as such executrix, and she was thereupon duly discharged as such executrix on November 26, 1870. As there is no allegation in the petition that any further sums have come into her hands as such executrix, and as it is specifically alleged by this appellant that she has accounted for all moneys and properties which have at any time come into her hands as such executrix, which is not denied, a further accounting as executrix will not be ordered. Matter of Hood, 90 N. Y. 512; Matter of Soutter, 105 N. Y. 514, 12 N. E. 34.

In April, 1870, Sarah R. Jenkins began an action to partition all the real estate of which the testatrix died seized. The defendants in that action were Margaret G. Kopper, Frederick Kopper, her husband, Margaret G. Kopper, Jr., George B. Draper, as executor, and Margaret G. Kopper, executrix. The respondent herein, who is the daughter of Margaret G. Kopper, was born in the year 1870. Pending said action, and by supplemental complaint filed on the 27th of February, 1871, she was made a party to said partition suit, and she appeared therein and filed an answer by her guardian. All the real property of which the decedent died seised was included in this partition action. The amended complaint in said action set forth that Sarah R. Jenkins was seised in fee and possessed of one equal sixth part of the lands and real estate of the decedent as tenant in common, and Margaret G. Kopper was likewise seised in fee of one equal sixth part of said lands and real estate as tenant in common. This referred to the portion of the real estate left to the testatrix's daughter, Mary C. Jenkins, who was then dead. The complaint then proceeded:

"That the plaintiff, Sarah R. Jenkins, as a devisee of said Charlotte E. Jenkins, is entitled to an estate for and during her natural life in and to one equal undivided third part of said lands and real estate as a tenant in common, with remainder in fee to her issue, if she leave any issue, and, if she die without issue her surviving, then that such remainder in fee will belong to the said defendant Margaret G. Kopper, if she be then living."

This was followed by a similar statement in regard to the other third of the estate, to the effect that Margaret G. Kopper was entitled to a life interest in the same, with remainder over as in the case of Sarah R. Jenkins. The final judgment in the partition action was entered March 1, 1872. Said judgment, after disposing of the proceeds of the sale of 121 William street, which was sold by the order of the court to pay the expenses of the partition suit and to make equality of partition between the parties, made division of the property between Third and Fourth avenues, between 124th and 125th streets, so that a certain portion thereof, specifically described, was

allotted to Sarah R. Jenkins in fee, and another portion to Margaret G. Kopper in fee, in accordance with the prayer of the complaint of one-sixth of the estate to each in fee; another portion to "Sarah R. Jenkins for life, with remainder upon her death to the person or persons who, under and by virtue of the provisions of the will of Charlotte E. Jenkins, deceased, shall then be entitled to the same"; and another portion thereof to Margaret G. Kopper for life with like provisions. This judgment finally determined the status of the parties, required the construction of the will of Charlotte E. Jenkins, which was before the court in full in the complaint in that action, and necessarily held that no trust was created by the said will. All parties in interest, including the petitioner herein, were parties to said action. The judgment disposed of all the real estate of which testatrix died seised, and, the court having had jurisdiction, that judgment cannot be collaterally attacked.

A judgment in an action for partition is binding and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense. "The rule is well settled that a judgment rendered by a court having competent authority to deal with the subject-matter involved in the action and jurisdiction of the parties, although against the facts or without facts to sustain it, is not void, as rendered without jurisdiction, and cannot be questioned collaterally." Jordan v. Van Epps, 85 N. Y. 427. See, also, Cromwell v. Hull, 97 N. Y. 209; Reed v. Reed, 107 N. Y. 545, 14 N. E. 442. "There is no doubt as to the general rule that a judgment of a court of competent jurisdiction is final and conclusive upon the parties, not only as to the issues actually determined, but as to every other question that the parties might or ought to have litigated." Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176. These principles were recently applied by this court in Ward v. Ward, 130 App. Div. 27, 114 N. Y. Supp. 326.

Although the language of the will in the fifth clause is inartificial, nevertheless I think it clear that no trust was thereby created, but that a life estate was devised, with remainder over. But this question is no longer open; the judgment referred to having, so far as the parties are concerned, conclusively established it. The appellants have each, respectively, received and enjoyed the income derived from the portions of the estate set apart for them by this judgment as life tenants, and irrespective of the total income derived from the whole estate. They have received and held it in their own right, and not as trustees, since the date of said judgment, March 1, 1872.

The only other clause of the will cited to support a trust is the seventh:

"I direct that the payment of all taxes, assessments, interest on mortgages, insurance premiums, repairs, and other current expenses, a sum at the rate of $1,000 per annum, out of the rents of my estate, be paid toward the satisfaction of the mortgages on my said estate."

The provision for the payment of $1,000 per annum out of the rents upon the mortgages of the estate is clearly invalid as an unlawful accumulation, not permitted by the statute against accumulations beyond minority. Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302; Hafner v. Hafner, 62 App. Div. 316, 71 N. Y. Supp. 1; affirmed 171 N. Y. 633, 63 N. E. 1117. The direction for accumulation being void, it must be treated as if stricken out of the will. Pray v. Hegeman, 92 N. Y. 519.

But the petitioner claims that she is entitled to an accounting of the proceeds of certain mortgages placed upon the property. It appears that in accordance with the provisions of chapter 53, p. 58, of the Laws of 1877, proceedings were instituted in the Supreme Court to mortgage said property, the proceeds of such mortgage to be applied to relieving the property from existing charges and incumbrances, and to be invested and applied in such manner from time to time as the court should direct, and to be subject to the limitations provided for in the will of Charlotte E. Jenkins. No part of the moneys raised by these mortgages was paid to Margaret G. Kopper; but the whole amount was paid to the guardian appointed in such proceedings, who duly accounted to the Supreme Court, and his account was confirmed by the court on or about the 13th of January, 1881. It is clear that the Surrogate's Court has no jurisdiction to review the proceedings had in such matter in the Supreme Court.

It not appearing that any moneys of the estate have come into the hands of either of the executrices since the accounting, which was approved more than 37 years before the commencement of this proceeding, and that the appellants are not trustees of any trust created by the will of the decedent, the order requiring them to account was improper, and should be reversed, with costs to each of the appellants, and the proceeding dismissed. All concur.