In the Matter of the Application of FRED M. OHMANN, Petitioner, for an Order against CHARLES A. HARNETT, Commissioner of Motor Vehicles, Respondent.

Supreme Court, Onondaga County, June 2, 1938.

*Edgcomb, Cantor, Parsons & Pomeroy,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Irving H. Lessen, Assistant Attorney-General,* of counsel], for the respondent.

SMITH (EDWARD N.), J.   On January 19, 1938, the petitioner was convicted of violating subdivision 5-a of section 70 of article 5 of the Vehicle and Traffic Law, which provides that a person involved in an accident who leaves the scene thereof without reporting it in the manner therein provided is guilty of a misdemeanor.

The certificate of conviction, dated January 19, 1938, was filed with the clerk of Onondaga county on the 1st day of February, 1938, and reads as follows:

" Court of Special Sessions, Town of Geddes,  }ss
   " County of Onondaga.

" The People of the State of New York
                 " against
" Fred H. Ohmann, 575 Carbon Street, Syra.
                          " At Solvay, N. Y.
                          " January 19, 1938.
" The above named Fred H. Ohmann having been brought before John D. Kelly, Justice of Special Sessions of the Town of Geddes in said county charged with leaving scene of an accident, Art. 5, Sec. 70 5-a, V and T Law, State of New York, striking a car owned by Mrs. Guyder, leaving without giving name or address.   And having thereupon pleaded guilty, and failed to demand a jury, and having been thereupon duly tried and upon such trial, duly convicted, it is adjudged that he be imprisoned in the Onondaga County Penitentiary 5 days, or pay a fine of 5.00.   Pd.

" Dated at Village of Solvay the 19th day of Jan., nineteen hundred and 38.

                    " JOHN D. KELLY,
                       " *Justice of the Peace,*
                          " *Town of Geddes.*"

On January 28, 1938, the Commissioner of Motor Vehicles received from said justice of Special Sessions a certificate advising him that the petitioner herein had been convicted on the 19th of January, 1938, of the crime of leaving the scene of an accident and had been fined five dollars, which had been paid.

On February 24, 1938, the Commissioner of Motor Vehicles issued an order revoking the petitioner's chauffeur's license, No. 5,863,748 — 1937–38, for the current period, and directed the surrender of such license to the Commissioner of Motor Vehicles at his office, 236 West Genesee street, Syracuse, N. Y., immediately upon receipt of the order.   The revoking order recites:

"Cause: Convicted January 19, 1938, before Justice Court, Solvay, N. Y., of violation of Section 70—5-A of the Vehicle and Traffic Law of the State of New York — leaving the scene of an accident."

Upon receipt of the order the petitioner sought advice of counsel and, being advised that disobedience of an order constituted a misdemeanor, he, on the 7th day of March, 1938, surrendered his chauffeur's license to the Commissioner.

In this proceeding he seeks an order directing the Commissioner of Motor Vehicles to annul his order revoking the license and to return to the petitioner his chauffeur's license.

Section 71-a of the Vehicle and Traffic Law provides that upon conviction of a person for an offense under article 5 of said law, with respect to which the revocation of a license to operate a motor vehicle is mandatory, as provided in subdivision 2 of section 71 thereof, the magistrate, justice or judge before whom the conviction is had *must require the convicted person to surrender his license at the time judgment on such conviction is pronounced*, and forthwith transmit the same to the Commissioner, who must make and enter an order revoking such license within ten days after the receipt of the license.

The justice of Special Sessions did not at the time of the conviction take up the petitioner's license. The order revoking the license was dated February 24, 1938, after the Commissioner had received notice of conviction, but before he had received the license. The justice of Special Sessions had no power to revoke the license.

Under this provision I am of the opinion that the Commissioner had the power to revoke a license after the receipt of a proper certificate of conviction, and that the provision that he must revoke such license within ten days after the receipt thereof does not operate as a limitation upon his power to revoke such license after having received a certificate of conviction.

We need not here determine what a proper ruling would be in the event that the Commissioner had waited until he received the license and had not revoked the same until after the expiration of ten days, but I am of the opinion that the Commissioner would have the power to revoke a license even after the expiration of the ten-day period. In this instance the duty to revoke was mandatory; but the ten-day provision as to time, as against a complaining person, was directory. No such question is here.

A more serious question arises from the fact that the justice of Special Sessions failed in the performance of his duty under section 71-a of the Vehicle and Traffic Law in that he did not require the convicted person to surrender his license at the time he pronounced judgment on such conviction. If the justice of Special Sessions had

taken up the license then, the petitioner, realizing the consequences of his conviction, might have asked to withdraw his plea of guilty and, if the request had been denied, would then have been advised of his remedy by appeal from any judgment of conviction, which would have brought up for review the proceedings upon the so-called trial.

Effective September 1, 1937, section 335-a of the Code of Criminal Procedure was added by chapter 124 of the Laws of 1937, and it reads as follows: " The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, *and before accepting a plea of guilty * * * pursuant thereto, must inform the defendant* that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle * * * may be suspended or revoked."

It is a matter of common knowledge that prior to the enactment of this amendment to the Code of Criminal Procedure injustices occurred throughout this State when persons were arrested for infractions of the regulations of the Vehicle and Traffic Law, upon being advised by magistrates that there would be a small fine upon a plea of guilty, would plead guilty and pay their fine as the easiest way out and go upon their way, only to find later that their licenses were revoked. It was to correct this great evil that section 335-a was enacted. Its language is definite, clear and explicit, and it is mandatory.

The unrefuted affidavits in this case show that the justice of Special Sessions not only failed to perform this mandatory duty but went farther and definitely advised the petitioner that if he would plead guilty he would be fined five dollars and his license would not be revoked.

The justice of Special Sessions is not a party here. The proceeding is addressed to the Commissioner of Motor Vehicles. I have not in this instance investigated whether in this proceeding these affidavits may be used. This is not a proceeding in habeas corpus, which would bring into review all the facts and circumstances which led up to an imprisonment, and, while there appears to be no reason where, as here, all the facts were accessible to the State, why questions of jurisdiction of a justice of Special Sessions cannot be determined upon affidavits unanswered and undisputed by the State, and the undisputed affidavits submitted by the petitioner show that the judgment of conviction is a nullity. Resort need not be had to these affidavits in this instance, for the reason that the certificate of conviction itself fails to show any power or jurisdiction on the part of the justice of Special Sessions to accept a plea of guilty.

If it were a question of a right to trial by jury, where such right was not an absolute one, failure to advise the accused of such right

would not make void a conviction; not so, however, if the right was absolute. (*People* v. *McGann*, 43 Hun, 55.) Certainly a certificate of conviction which fails to set forth essential particulars as to a crime — as, for instance, the date of the commission thereof (*Matter of Brown*, 19 Misc. 692), or fails to show jurisdictional facts (*People ex rel. Snyder* v. *Whitney*, 22 Misc. 226) — is fatally defective.

The important omission in the certificate of conviction here involved is that it fails to show on its face that the provisions of section 335-a of the Code of Criminal Procedure were complied with by the justice of Special Sessions; it does show that the petitioner was charged with a violation of the Vehicle and Traffic Law; it does show that he was convicted upon a plea of guilty; but it fails to show that, before accepting a plea of guilty, or before entering a judgment of conviction pursuant thereto, the defendant (the petitioner herein) was advised that upon conviction his license to drive a motor vehicle might be suspended or revoked. This is not an instance of suspension, where the Commissioner would have some discretion; it is a case where the duty to revoke the license is mandatory. The justice of Special Sessions was without power to accept a plea of guilty of the misdemeanor charged or to render judgment of conviction without having first advised the defendant of the effect of a plea of guilty. The justice of Special Sessions had jurisdiction to try the defendant (petitioner) on this charge, but he had no power to accept a plea of guilty or render a judgment of conviction until he had complied with the provisions of said section 335-a. Having no power to convict upon a plea of guilty excepting upon compliance with section 335-a, this became a jurisdictional fact and should have appeared upon the face of the certificate of conviction, it follows that the certificate and judgment of conviction was a nullity. Unless this be true, the purpose of the Legislature in enacting section 335-a would be frustrated, and in this instance it was frustrated. Had the defendant been properly advised there would have been no plea of guilty, and, under the circumstances, as they are revealed by the affidavits of the petitioner, there would, in my judgment, have been no conviction in the case of a trial, and he would have known of the revocation before the time in which to appeal had expired. The defendant (petitioner) was no stranger to the place where the accident happened; he lived right around the corner; he visited the party whose car was damaged immediately after the accident.

The judgment of conviction being a nullity, it follows that the revocation of the license was void, and the application of the petitioner should be granted.

Ordered accordingly.