In the Matter of the Application of LEO J. CLARY, Petitioner, for an Order against CHARLES A. HARNETT, Commissioner of Motor Vehicles, Respondent.

Supreme Court, Onondaga County, December 8, 1938.

*Richard M. Walker,* for the petitioner.

*Irving Lessen, Assistant Attorney-General,* for the respondent.

SMITH (E. N.), J.    The petitioner's operator's license has been revoked because of his having violated subdivision 5 of section 70 of the Vehicle and Traffic Law, which provides that the operating of a motor vehicle while in an intoxicated condition constitutes a misdemeanor.    Subdivision 2 of section 71 of said law provides that upon conviction of such violation the revocation of an operator's license is mandatory.

On the 1st of October, 1938, the petitioner was arrested by a State trooper on a charge of having violated said subdivision 5 of section 70; he was brought before a justice of the peace of the town of Elbridge in Onondaga county in such a condition of intoxication as to be unable to understand an arraignment; he was temporarily committed to the Onondaga county jail, and on the 2d of October, 1938, was produced before the justice of the peace and pleaded guilty to the charge of driving an automobile while intoxicated and was adjudged guilty of so driving; his operator's license was taken up, and he was fined twenty-five dollars, which fine he paid.    The certificate of conviction is dated October 3, 1938, and was filed in the Onondaga county clerk's office October 4, 1938, at nine A. M.; his operator's license was taken up by the justice of the peace and forwarded to the Commissioner of Motor Vehicles, and the operator's license was, on or about the 11th day of October, 1938, revoked; the petitioner was advised of this fact on the same day.

This application is made upon the ground that the justice of the peace did not comply with the provisions of section 335-a of the Code of Criminal Procedure before accepting the petitioner's plea of guilty, and particularly upon the ground that the certificate of conviction filed October 4, 1938, does not recite that the provisions of this section were complied with.

The Commissioner of Motor Vehicles presents replying affidavits, and particularly the affidavit of the justice of the peace who rendered the judgment of conviction and the affidavit of the State trooper who made the arrest and swore out the warrant.

The State trooper, Melvin Handville, makes affidavit setting forth the reasons for the arrest; that he immediately took the petitioner, after the arrest, to a doctor who examined him and pronounced him so intoxicated that he was not in sufficient possession of his faculties to understand an arraignment in court; that he thereupon took said petitioner before the justice of the peace, who issued a temporary commitment of the petitioner to the Onondaga county jail; that on the 2d of October, 1938, he brought the petitioner from said jail to the office of the justice of the peace; that the information was then read, charging the petitioner with driving an automobile while intoxicated on the highway; that the justice of the peace advised the defendant of his rights to a trial by jury and to obtain a lawyer, and also that he would lose his license if he pled guilty or was convicted of the charge, and that his license could be suspended or revoked; that, after so advising the defendant, the justice of the peace asked the defendant if he pleaded guilty or not guilty, and that the petitioner thereupon pleaded guilty.

The justice of the peace in his replying affidavit shows that he informed the defendant of his right to trial by jury and to obtain a lawyer, and that if he pled guilty or was found guilty his operator's license and registration for his motor vehicle might be suspended or revoked; that his docket shows, at page 299 thereof, among other things, as follows: " Defendant had no attorney, was informed of his rights and told he would lose his license, before he pleaded; Dr. examinations October 1, 1938 was that he was intoxicated; his license was taken and sent to Albany."

Attention has been called to the opinion in the case of *Matter of Ohmann* v. *Harnett* (168 Misc. 521). This case forms no precedent; there, there was no denial of the allegations of the petitioner, Ohmann; the facts stood admitted — even facts which showed that Ohmann was not actually guilty; there, there was no compliance with the requirements of section 335-a of the Code of Criminal Procedure; there the license was not even taken up by the justice of the peace, nor was the license revoked until after the time in which to appeal from the judgment had elapsed. Here, the petitioner is honest enough in his affidavit not to deny that he had been drinking, but admits that he had had three or four drinks at the Yates Hotel in Syracuse just before he started home; he submits the affidavit of his companion in the drinking, who makes affidavit that while he was with the petitioner he observed his condition during all of

the time until he drove away; " that during all such time his every act was ordinary and rational and failed to exhibit even the slightest evidence of the effect of the several drinks of which he had partaken."

Really the sole ground upon which the petitioner rests his case is this: that the certificate of conviction does not recite a compliance with the provisions of said section 335-a, and that because of that fact it was a nullity; and, in support of his position, he cites the opinion in the *Ohmann* case. It appears that there is no similarity in the facts between the *Ohmann* case and the instant case. Here, the record of the Court of Special Sessions shows that there had been compliance with the requirements of said section 335-a. Does the fact that the certificate of conviction as filed did not contain such statement of compliance make it void? I think not. The certificate of conviction is not the judgment, but rather evidence thereof. Upon a conviction in a Court of Special Sessions there is a *judgment* rendered by the court, which is entered in his docket; this is the judgment; this record should show the jurisdictional facts. Then there is the *certificate of conviction*, which is filed in the county clerk's office; this is ofttimes confused with the judgment and taken as the judgment; it is not the judgment, but is evidence of the judgment, known as a certificate of conviction, which, by its very name, implies that it is a certificate of the fact of the judgment. Then there is the *commitment*, where there has been a sentence to jail or prison, which constitutes the warrant for the jailer to receive into custody the person convicted for such time as the commitment shows. Here, there was no commitment, but there was a judgment and a certificate thereof, the latter of which was filed. It is not customary for a certificate of conviction to show all the jurisdictional facts; it does show the crime of which one has been found guilty, and it does show the sentence.

As a practical proposition it would seem the part of wisdom, in cases of violation of the provisions of the Vehicle and Traffic Law which may result in a suspension or revocation of a license, that the certificate of conviction in a Court of Special Sessions should contain a recital that the provisions of said section 335-a had been complied with prior to the acceptance of a plea of guilty and the docket entry of the judgment of conviction of such a violation.

There is here no replying affidavit by the petitioner to the affidavits of the justice of the peace or the State trooper as to what took place before the Court of Special Sessions on October 2, 1938.

The motion for a mandamus order is denied.

Ordered accordingly.