In the Matter of the Application of JOSEPH F. COMPITELLO, Petitioner, for an Order against CARROLL E. MEALEY, Commissioner of Motor Vehicles, Respondent.

Supreme Court, Monroe County, January 4, 1940.

*Joseph W. Alaimo,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Donald J. Corbett, Assistant Attorney-General,* of counsel], for the respondent.

LAPHAM, J. This is an application for an order directing the Commissioner of Motor Vehicles to restore the petitioner's operator's license and certificate of registration. On October 14, 1939, the petitioner was convicted on a plea of guilty before James B. Lapp, a justice of the peace of the town of Ogden, Monroe county, of leaving the scene of an accident without reporting in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law of the State. On November 14, 1939, the Commissioner revoked the petitioner's operator's license and suspended his certificate of registration.

The petitioner, insisting that the justice of the peace failed to inform him under section 335-a of the Code of Criminal Procedure, before receiving his plea of guilty, that on conviction not only would he be subject to a penalty but that his operator's license or his certificate of registration might be suspended or revoked. attacks the orders of the Commissioner principally on the ground that neither the certificate of conviction filed with the Commissioner nor the certificate filed in the Monroe county clerk's office show a compliance with the provisions of section 335-a. He also assails the validity of the orders for the absence of a recital in the criminal docket of the justice of the peace that the petitioner was informed of the consequences of a plea of guilty under section 335-a. The answer of the Commissioner alleges that the justice of the peace fully informed the petitioner of his rights and particularly those under section 335-a. Attached to the answer is the affidavit of the justice of the peace who says that he read the provisions of section 335-a twice to the petitioner, and the affidavit of Charles Ballard, chief of police of the town of Ogden, N. Y., who swore to the information laid against the petitioner, in which the deponent stated that the petitioner was told that he might lose his operator's license. No replying affidavit was submitted by the petitioner.

The conflict between the petitioner and the justice of the peace on the question whether the petitioner was informed that he might suffer the loss of his license or certificate of registration must be resolved in favor of the justice. (*People* v. *Davis*, 9 N. Y. Supp. [2d] 620; *People* v. *Newman*, 137 Misc. 267.) The failure of the certificate of conviction to show this compliance with section 335-a of the Code of Criminal Procedure does not taint the judgment of conviction or impair its validity. (*Matter of Clary* v. *Harnett*, 170 Misc. 1020.) A certificate of conviction is only evidence of the conviction and it is not fatally defective because it fails to contain a recital of every jurisdictional fact.

The absence of a specific notation on the justice's criminal docket is not fatal to the judgment of conviction under the circumstances of this case. The docket contained, among other things, a recital in general terms that the defendant was informed of "his rights in every stage of the proceeding." This general statement was amplified in the affidavit of the justice which stated that the petitioner was informed that on conviction after a plea of guilty he "may be subject to some action by the State Motor Vehicle Commission in that your license may be suspended or revoked." The record of the proceedings before the justice of the peace should contain a specific recital that a defendant charged with a violation of the Vehicle and Traffic Law was informed of a possible loss or suspension of his operator's license or certificate of registration but I do not regard the absence of such recital as fatal on the facts with which we are confronted here.

The case of *Matter of Ohmann* v. *Harnett* (168 Misc. 521), on which the petitioner relies, has no conclusive force on this application. In that case the provisions of section 335-a of the Code of Criminal Procedure were not observed and the facts showed that the petitioner in that case was not actually guilty of the misdemeanor to which he had pleaded guilty. Here, on the contrary, the facts point not irresistibly, but persuasively, to the guilt of the petitioner.

The application of the petitioner for an order for a restoration of his license and certificate of registration is denied, without costs.

Let order enter accordingly.