In the Matter of the Application of JESS S. ALBROZA for a Remission of Fine Pursuant to Article 20-A of the Judiciary Law.

County Court, Suffolk County, February 29, 1940.

*Selig Kaplan*, for the petitioner.

*Fred J. Munder, District Attorney*, opposed.

HILL, J.   The petitioner, on notice to the district attorney of Suffolk county, N. Y., prays for an order, pursuant to sections 798 and 799-a of the Judiciary Law, directing a remittance of the fine in the sum of $100 heretofore imposed upon the petitioner in an action before the Justice's Court of the town of Islip wherein he pleaded guilty to the crime of driving a car while intoxicated.

In an order dated July 13, 1939, Mr. Justice JOHN F. CAREW, justice of the Supreme Court, on application of the petitioner against Carroll E. Mealey, Commissioner of the Bureau of Motor Vehicles of the State of New York, directed the Commissioner to return petitioner's operator's license and his certificate of registration on the ground that the justice was without power to impose sentence, he not having complied with section 335-a of the Code of Criminal Procedure, which directs that the magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant that upon conviction not only will he be liable to a penalty but that in addition his license to drive a motor vehicle or motor cycle, or, in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked.

Prior to petitioner's application to the Supreme Court, New York county, he had appealed to this court from the aforementioned judgment of conviction, which appeal he now says was abandoned.

The district attorney has appeared in opposition to the motion and in the moving papers is contained an affidavit from the justice of the peace who took the petitioner's plea in the first instance and sentenced him to a fine of $100. The affidavit contains this recital: " In the evening of April 13, 1939, Assistant District Attorney Lindsay R. Henry appeared for the prosecution. When the case was called and the defendant appeared, I again informed him of his rights and further advised him that his license to operate a motor vehicle might be revoked or suspended in the event of a conviction for the crime charged. He thereafter entered a plea of guilty to the charge." Also attached to the moving papers is an affidavit sworn to by Lindsay R. Henry, Esq., assistant district attorney of Suffolk county, which contains this recital, among other things: " advised the defendant pursuant to Section 335-a of the Code of Criminal Procedure that a conviction for the crime charged might carry as additional penalty the revocation or suspension of the defendant's license to operate a motor vehicle."

Petitioner in his memorandum cites the case of *People* v. *Sutcliff* (255 App. Div. 299), in which it was held that the requirements of section 335-a of the Code of Criminal Procedure are mandatory and not permissive. In this case it was argued by the respondent that although the magistrate had failed to comply with section 335-a of the Code, nevertheless the same was not fatal and was directory only, thereby conceding that the magistrate had failed to inform the petitioner pursuant to section 335-a of the Code.

The case at bar is quite different from the *Sutcliff* case. In this case it appears that the petitioner was informed of the requirements of section 335-a as appears from the affidavits of the justice and the assistant district attorney.

It appears that the order of the New York Supreme Court is based on the return of the justice filed in the Suffolk county clerk's office. This is a mere recital that the defendant pleaded guilty and failed to demand a jury. It also contains the recital: " and having been thereupon duly tried." The return contains no record of what was said to the petitioner, and it appears that the Supreme Court justice deems this also mandatory.

The recent case of *Matter of Compitello* v. *Mealey* (173 Misc. 30) was a case similar to the present one and contains the following: " The conflict between the petitioner and the justice of the peace on the question whether the petitioner was informed that he might suffer the loss of his license or certificate of registration must be resolved in favor of the justice. (*People* v. *Davis*, 9 N. Y. Supp. [2d] 620; *People* v. *Newman*, 137 Misc. 267.) The failure of the certificate of conviction to show this compliance with section 335-a of the Code of Criminal Procedure does not taint the judgment of conviction or impair its validity. (*Matter of Clary* v. *Harnett*, 170 Misc. 1020.) A certificate of conviction is only evidence of the conviction and it is not fatally defective because it fails to contain a recital of every jurisdictional fact.

" The absence of a specific notation on the justice's criminal docket is not fatal to the judgment of conviction under the circumstances of this case."

This would seem to be much more reasonable. The word of a defendant should not be better than that of a justice of the peace elected by the people in his own community, substantiated by that of an assistant district attorney. If the Legislature in its wisdom deems it wise or necessary for the justice to recite in his record of conviction that he informed the defendant of the contents of section 335-a of the Code of Criminal Procedure, then it may do so by appropriate legislation.

There is one other point that seems to have been overlooked by the petitioner, namely, that the only remedy to the petitioner in the first instance was by appeal and not otherwise. The order of the Supreme Court of New York county is a collateral attack on the judgment, and the courts have repeatedly held, and there cannot be much dispute, that a judgment rendered by a court having competent authority to deal with the subject-matter and having jurisdiction of the parties, cannot be questioned collaterally. (*Matter of Jenks*, 132 App. Div. 339; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Reed* v. *Reed*, 107 id. 545.)

Section 749 of the Code of Criminal Procedure prescribes the method of review and appeal from minor courts. Section 749, or so much thereof as is appropriate, reads as follows: " In counties other than the counties included within the city of New York, a judgment upon conviction, rendered by a Court of Special Sessions * * * in any criminal action * * * may be reviewed by the County Court of the county, upon appeal * * * and not otherwise."

Petitioner's application denied.