In the Matter of the Application of SOLOMON SCHAPIRO, Petitioner, against CARROLL MEALEY, Individually and as Commissioner of Motor Vehicles, etc., Respondent.

Supreme Court, Special Term, New York County, June 19, 1940.

*Joseph W. Freifeld,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [James S. Regan* and *Hyman Wank* of counsel], for the respondent.

VALENTE, J. The petitioner seeks a court order directing the respondent Commissioner of Motor Vehicles to annul an order revoking the petitioner's chauffeur's license. In this connection petitioner also asks that his chauffeur's license so revoked be restored.

Some of the material facts are in serious dispute so that it is impossible on the papers before me to make definite findings on all the pertinent factual aspects of the proceeding. It is uncontroverted, however, that on December 9, 1939, in Wallkill, Orange county, N. Y., petitioner was charged with a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law for having left the scene of an accident without reporting the same to a police officer or the nearest police station; that on the following day, December tenth, he was arraigned there before a justice of the peace, when the charges were read to him; he was informed of his right to counsel and the case adjourned to December eleventh, when bail was fixed, and the case adjourned to January 3, 1940, and then to January tenth, when he appeared with counsel, pleaded guilty and paid a fine; that subsequently his chauffeur's license, which he had surrendered, was suspended by the Commissioner of Motor Vehicles. Defendant's counsel and the police judge differ in their versions of what transpired and was said on January 10, 1940, in the court room or chambers of the judge prior to the imposition of the fine and surrender of the license. Petitioner contends that the judge failed to comply with section 335-a of the Code of Criminal Procedure in not advising him that on conviction his license would be subject to revocation. The judge on the other hand avers that the petitioner was informed that if he pleaded guilty the license would be suspended for a mandatory period of six months. Unfortunately there is no notation in any certificate of conviction or return showing upon its face compliance with the requirements of section 335-a which provided substantially: " The magistrate, after the arrest of

a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked." Thus the affidavits present a sharp conflict on this vitally important phase of the matter. A reading of section 335-a would indicate that all that is required of a magistrate is that he apprise a defendant of the consequences of his conviction. It contains no specific direction that compliance therewith must be shown by an entry or notation accordingly. Naturally much confusion could be avoided by following such a simple expedient. However, the absence of a notation would not seem to invalidate or be fatal to the judgment of conviction or the order of revocation. (*Matter of Compitello* v. *Mealey*, 173 Misc. 30.) There the court held that a conflict between the petitioner and the justice on the question whether the petitioner was informed he might suffer the loss of his license must be resolved in favor of the justice and that failure of the certificate of conviction to show compliance does not taint the judgment of conviction or impair its validity. (See, also, *Matter of Clary* v. *Harnett*, 170 Misc. 1020.) The case of *Matter of Ohmann* v. *Harnett* (168 Misc. 521) is not controlling for there it appears that petitioner's claim was " unrefuted," and there was no denial of petitioner's allegations. Similarly the cases of *People* v. *Serences* (255 App. Div. 587) and *People* v. *Sutcliffe* (Id. 299), for in neither of these two cases did the court pass on the manner in which compliance with the section must be shown. The cases merely hold that the duty to inform the defendant of the provisions of the section is mandatory and not directory. Under the circumstances the court must deny the present application, without prejudice, however, to a renewal thereof in the event that the judgment of conviction from which an appeal is presently pending but undetermined, is reversed. Settle order.