In the Matter of RAYMOND C. HARRIGAN, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Albany County, November 8, 1946.

*Meconi & Carter* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* of counsel), for respondent.

SCHIRICK, J. This is an application to annul an order revoking the petitioner's operator's license and automobile registration.

On June 1, 1946, the petitioner was convicted before a Justice of the Peace of the Town of North Hero, Vermont, of the crime

of driving while under the influence of intoxicating liquor. The orders of revocation are based upon such conviction. It is admitted that the Justice of the Peace did not inform the petitioner of the possibility that his driving privileges might be affected by the conviction.

The respondent takes the position that section 335-a of the Code of Criminal Procedure is not applicable to proceedings without the State, and therefore may not be relied upon by the petitioner as a ground for attacking the revocation orders.

Clearly, our statute can have no extraterritorial application. This does not dispose of the issue, however, since the question to be determined is the intention of our law.

Section 71 of the Vehicle and Traffic Law contains the following provision: " No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure. In case a suspension or revocation has been made and the commissioner is satisfied that there was such failure, he shall restore the license or certificate of registration or both as the case may be."

The intent is clear. It is to protect the unwary against the danger of pleading guilty with the impression that a small fine or suspension of sentence would be the sole consequence. (*Matter of Ohmann* v. *Harnett*, 168 Misc. 521.) The law recognizes that the impairment of driving rights, in this day of motorized transportation, very frequently is the harshest of the penalties imposed for violation of highway regulations. The evil is no less whether the unsuspecting admission of guilt takes place within the boundaries of the State or elsewhere. Nor is the wisdom of safeguarding against such danger.

The provision above quoted refers to a failure on the part of a magistrate " to comply with section three hundred and thirty-five-a of the code of criminal procedure." The court construes this phrase to mean failure to " inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license * * * may or must be suspended or revoked * * *." (Code Crim. Pro., § 335-a.)

The application is granted.