In the Matter of HELEN S. LEA, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Nassau County, October 24, 1953.

*Seymour L. Ripans* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Adelbert C. Matthews, Jr.,* of counsel), for respondent.

RITCHIE, J.  The petitioner, upon her plea of guilty, was convicted of speeding in the Court of Special Sessions of the Town of Islip, New York, and was fined.  Inasmuch as such conviction was her third speeding conviction within a period of eighteen months, her operator's license and certificate of registration were revoked.  She now applies for an order setting aside the order of revocation and restoring her license and registration and urges two grounds as a basis for such relief, namely; (1) that she was not advised of her right to the aid of counsel, and (2) that she was not informed of the provisions of section 335-a of the Code of Criminal Procedure.  There is no substance to her first contention.  Section 6 of article I of the New York State Constitution and sections 8 and 188 of the Code of Criminal Procedure deal with the right of a defendant to the aid of counsel in a criminal action.  It will be noted that the Constitution and these sections of the code speak of *crimes and criminal actions.*  However, in this case the defendant was not accused and convicted of a crime.  Speeding is a *traffic infraction* and not a crime (Penal Law, § 2; Vehicle and Traffic Law, § 2 subd. 29).  Therefore, it appears that it would not be necessary for the magistrate to inform the defendant that she was entitled to the aid of counsel.  As to point 2, it appears that the certificate of conviction filed with the Motor Vehicle Bureau states unequivocally that upon arraignment and before accepting any plea, the court informed this defendant of the provisions of section 335-a of the code.  Such being the case this court will not go behind the certificate.

That the magistrate's recollection of the case might have been hazy when he was queried about it by the defendant's attorney is of no significance. Two months had elapsed since the date of the conviction and he could not possibly be bound to remember the facts and circumstances of every case heard by him. Furthermore, I do not believe that the failure to record a notation of compliance with the provisions of section 335-a of the Code of Criminal Procedure in the magistrate's docket is fatal to the judgment of conviction. A reading of this section indicates that all that is required of a magistrate is that he apprise a defendant of the consequences of a conviction. It contains no specific direction that compliance therewith must be shown by an entry or notation either in a docket or in a certificate of conviction (*Matter of Compitello* v. *Mealey,* 173 Misc. 30; *Matter of Schapiro* v. *Mealey,* 175 Misc. 367). In any event, if any notation were necessary it was contained in the certificate of conviction.

Accordingly, the application is denied.